JOSEPH FORSYTH, Respondent, *v.* THE CITY OF OSWEGO,
Appellant.

1. MUNICIPAL CORPORATIONS — CHARTER PROVISION REQUIRING CLAIM
FOR PERSONAL INJURIES TO BE PRESENTED WITHIN SPECIFIED PERIOD
— WHEN FAILURE TO COMPLY THEREWITH MAY BE EXCUSED — QUES-
TIONS OF FACT FOR JURY.   Where a city charter provides that claims for
personal injuries caused by defective or dangerous streets shall be pre-
sented within a specified period after the occurrence of the injury and
that any action therefor shall be barred by a failure to comply with such
requirement, an omission to file such a claim within the prescribed period
may be excused by the mental 'or physical incapacity of the claimant
resulting from the injury on which the claim is based.   But in an action
brought upon a claim which was not filed within the specified period, it
is a question of fact for the jury whether the explanation is credible and
satisfactory, and, if so, whether the claim was filed within a reasonable
time after the lapse of the period named in the charter.

2. SAME — MENTAL AND PHYSICAL INCAPACITY TO PRESENT CLAIM —
ERRONEOUS CHARGE AS TO EFFECT THEREOF.   It is error, therefore, for
the trial court to charge in such an action that the plaintiff, if incapaci-
tated by the injury from presenting his claim within the three months
following such injury, as required by the charter, was entitled to an
extension of three months from the time when he became mentally able
to act, and this error is not rendered harmless by the fact that the evi-
dence tended to show that the plaintiff's incapacity continued almost, if
not quite, to the day when he presented his claim.

3. WAIVER OF DEFECTS IN CLAIM — FACTS INSUFFICIENT TO ESTAB-
LISH — ERRONEOUS CHARGE.   A waiver on the part of a municipal cor-
poration of defects in such a claim is not established by evidence showing

that after it was presented to the common council, it was referred by that body to its committee on claims and the city attorney; that at a hearing before such committee the claimant was interrogated as to the circumstances of the accident by the city attorney, and that the committee made an unfavorable report. It was error, therefore, for the trial court to charge, in effect, that if at that hearing the claims committee was fully informed in regard to the accident, such facts constituted a waiver of the defects in the claim on the part of the municipality.

*Forsyth* v. *City of Oswego,* 114 App. Div. 616, reversed.

(Argued March 12, 1908; decided March 31, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 23, 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis D. Culkin* for appellant. The court erred in instructing the jury that the plaintiff had three months from the time he was mentally able to act in which to file the required petition or claim with said defendant, and that if they found that he had so filed they should render a verdict for the plaintiff. (*McMullen* v. *City of Middletown,* 187 N. Y. 37; *Kennedy* v. *Mayor, etc.,* 34 App. Div. 311; *Benton* v. *Wickwire,* 54 N. Y. 226; *People* v. *Fitch,* 89 Hun, 310.) The hearing before the claims committee and the city attorney was no waiver of the statutory requirements of the charter of the defendant in relation to the presentation of the verified claim, showing cause, place, time and extent of injury. (*De Vore* v. *City of Auburn,* 64 App. Div. 84; *Rauber* v. *Vil. of Wellsville,* 83 App. Div. 581; *Kennedy* v. *Mayor, etc.,* 34 App. Div. 311; *Winters* v. *City of Niagara Falls,* 190 N. Y. 198.)

*F. T. Cahill* for respondent. Defendant waived any defects in this notice by retaining and examining plaintiff under it. (*Sheehy* v. *City of New York,* 160 N. Y. 139;

*Magee* v. *City of Troy*, 48 Hun, 383; *Demair* v. *City of Brooklyn*, 5 N. Y. Supp. 835; *Cross* v. *City of Elmira*, 86 Hun, 467; *Grother* v. *N. Y. & B. Bridge*, 19 App. Div. 586; *Wright* v. *Portland*, 118 Mich. 23.) The time that the plaintiff was mentally incapacitated should be excluded in computing the three months given by the charter in which to file his claim and the jury was warranted, from the evidence, in finding that he filed the claim within three months after he was mentally fit so to do. (*Crapo* v. *City of Syracuse*, 183 N. Y. 395.)

WERNER, J. The plaintiff was injured by being thrown from a wagon while driving upon one of the defendant's public streets. He brought his action upon a complaint containing allegations of negligence against the defendant in its maintenance of the particular street, and asseverating plaintiff's freedom from contributory negligence. He recovered a verdict and the judgment entered upon it has been affirmed by a divided Appellate Division. We have examined the record and are satisfied that the judgment is not without the support of evidence. Thus we are precluded from disturbing the judgment upon the merits. The further question presented for our consideration is whether there are errors in the record of such importance as to demand a reversal.

The defendant is a municipal corporation and its charter provides that " All claims against the city for damages or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street  *  *  *  of the city, or from negligence of the city authorities in respect to any such street,  *  *  *  shall, within three months after the happening of such damage or injury, be presented to the common council by a writing signed by the claimant, and properly verified, describing the time, place, cause and extent of the damage or injury. The omission to present such claim as aforesaid within said three months shall be a bar to any action or proceeding therefor against the city." (L. 1895, ch. 394, § 345.)

The plaintiff was injured on the 24th day of December, 1902. A statement of his claim was served upon the defendant on the 18th day of May, 1903. As this was four months and twenty-four days after the accident, the plaintiff's claim is clearly barred unless his failure to comply with the requirements of the defendant's charter has been properly excused or waived. (*Reining* v. *City of Buffalo*, 102 N. Y. 308.) The plaintiff's complaint sets forth that as a result of the injuries sustained by him on the 24th day of December, 1902, he was mentally and physically incapacitated from filing his claim until the 18th day of May, 1903, when he filed it. There is evidence in the record which tends to sustain this allegation. Thus the question which should have been submitted to the jury upon that branch of the case was, whether the plaintiff filed his claim within a reasonable time after the lapse of the period for filing named in the charter. That period was, as we have seen, limited to three months after the happening of the accident, and the plaintiff's claim was not filed until four months and twenty-four days had passed. In the absence of any explanation of plaintiff's delay in this respect, the direction of the statute would have been conclusive and final. There was an explanation, however, and it was for the jury to say whether it was credible and satisfactory. If the plaintiff was, as he claimed, physically and mentally unable to prepare and present his claim, or to give directions for its preparation and presentation during the whole of the three months within which he was required by the defendant's charter to present it, then he was entitled to a reasonable additional time in which to comply with the charter in that regard. This is because the law does not seek to compel that which is impossible. (*Walden* v. *City of Jamestown*, 178 N. Y. 217.) Upon the evidence in the record the learned trial court should have instructed the jury that if the plaintiff, by reason of the injuries for which he seeks to hold the defendant responsible, was incapacitated from presenting his claim within the period prescribed by the defendant's charter, he was entitled to such additional time as the jury might find to be reasonable in the

circumstances. The court, to the contrary, charged expressly that the plaintiff was entitled to an extension of three months from the time when he became mentally able to act. This was the substance of the charge upon that subject, repeated explicitly in various forms, and it is in direct conflict with the rule laid down by this court in *Walden* v. *City of Jamestown* (*supra*) and *Winter* v. *City of Niagara Falls* (190 N. Y. 198). This error in the charge was material. It was not rendered harmless by the fact that the evidence tended to show that the plaintiff's incapacity continued almost, if not quite, to the day when he presented his claim. For aught that appears in this record the jury may have concluded that the plaintiff's incapacity did not continue during the whole of the three months within which the defendant's charter required him to present his claim, but that he had presented it within three months from the time when his incapacity ceased, and, under the instructions of the trial court, that was a compliance with the law.

Another question which we think the learned trial court erroneously submitted to the jury, was whether the defendant waived the defects in the notice or claim presented and filed on the part of the plaintiff. It appears, as already stated, that the plaintiff presented his claim on the 18th day of May, 1903. On the following day the common council referred the matter to its committee on claims and the city-attorney. In June of the same year the plaintiff attended a meeting of that committee, at which the city attorney was present. At that meeting the plaintiff was interrogated as to the time, place and circumstances of the accident, and later the committee reported unfavorably upon plaintiff's claim. There is nothing in the proceedings had before the committee on claims to support the plaintiff's contention that the defendant waived any of the defects in the notice or claim presented by the plaintiff. Neither is the fact that the plaintiff was given a hearing before that committee evidence of the defendant's intention to waive anything. The defendant had the right to investigate the circumstances under which the claim arose before

deciding what action it would take. Municipal corporations, acting through their officers and agents, have the right to conduct such investigations for the very purpose of ascertaining whether they are liable or not. (*Winter* v. *City of Niagara Falls, supra.*) This record is barren of either pleading or evidence showing or tending to show a waiver by the defendant of the defects in the plaintiff's notice of claim. It was error, therefore, for the trial court to charge that if the claims committee of the common council were fully informed at that hearing as to the time, the place and the extent of the plaintiff's injuries, the jury might find that the defendant had waived the defects in the notice of claim. It was also error for the court to refuse to charge upon request of defendant's counsel " that the reception of the notice by the city officials, its subsequent reference to the claims committee, and the alleged hearing thereon did not waive the irregularities contained in the said notice."

Both of the questions which we have discussed were clearly presented by appropriate requests and exceptions, and our views upon them necessarily lead to the conclusion that the judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.