## TROTTO v. BELLEW & MERRITT CO.

(Supreme Court, Appellate Division, Second Department.  June 29, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—MASTER'S NEGLIGENCE—JURY QUESTION.

Whether a master exercised ordinary care to see that work was done in such a way as not needlessly to imperil the lives of employés, *held*, under the evidence, a jury question in an action for injury to an employé caused by another employé placing dynamite over a fire.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1032.]

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence, in an action against a master for injuries to plaintiff caused by another employé placing dynamite over a fire, *held* to sustain a verdict for plaintiff; there being sufficient evidence to show that the foreman knew, or by exercising ordinary care should have known, what such other employé was doing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954-977.]

3. SAME—NOTICE OF INJURY—SERVICE—TIME—QUESTION FOR JURY.

Whether an injured employé was unable from physical and mental incapacity to give his employer notice of the injury within the 120 days allowed by statute was a jury question, where he was seriously injured and remained at a hospital 6 months, most of the time in bed, and the notice was signed and served within 10 days after he was able physically or mentally to do anything about it.

Appeal from Trial Term, Westchester County.

Personal injury action by Vincenzo Trotto against the Bellew & Merritt Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Theodore H. Lord (J. Addison Young, on the brief), for appellant. Michael J. Tierney, for respondent.

RICH, J. The appellant contends that there is no evidence establishing its negligence, that the notice of injury was not served within the time required by law to maintain an action under the provisions of the statute, that good grounds for its nonservice were not proven, and also that the damages are grossly excessive. The learned justice presiding at the trial eliminated from the consideration of the jury the safety of the place in which the work was being carried on, the suitableness of the implements being used, and the competency of the employé to whose negligent act the accident was attributable. He submitted to them the single question, bearing upon defendant's liability, of whether it exercised reasonable and ordinary care and diligence to see that the work was done in such a way as not needlessly to imperil the lives of fellow workmen, and at the defendant's request charged that, unless the foreman—

"either directed Carvallo to put the can of dynamite upon the forge—not upon the fire, but upon the forge, where the fire was—or knew that he was doing it, or should have known it, that in the exercise of due care the plaintiff cannot recover."

He also charged:

"If the foreman saw this man do a thing that was clearly negligent, or by the exercise of due care should have seen him do it, then you may consider that in determining whether the defendant was or was not guilty of negligence in this case."

No exceptions to this charge were taken by the defendant. I think the evidence justified the submission of this question to the jury, and that there is sufficient shown by the record to sustain their verdict. Carvallo, an employé of defendant, was a common laborer, whose work it was to dig with pick and shovel in the excavation of a trench in which water pipes were to be laid. When rock was encountered, and the foreman by the use of dynamite had blasted and broken it up, it was the duty of Carvallo to go in the ditch and throw out the broken stone and dirt. He had never had anything to do with dynamite, or with the blasting, during the time the work had been in progress, or before or after he came from Italy to this country. The plaintiff was a blacksmith, also in defendant's employ, whose labor consisted in sharpening the tools used in the work, for which he was furnished a portable forge, to which was attached a wheel that worked a bellows for increasing the heat of the fire in which the tools were heated, and an anvil, placed about four feet from the forge, on which the tools were sharpened. Carvallo was working in the ditch on the day of the accident. The foreman was above him, on the bank. Carvallo left his work, came out of the trench, took a tin or iron pail, in which he put some water and several sticks of dynamite, proceeded to the forge, the plaintiff at the time being engaged in work upon the anvil, and placed the pail over the fire, and, using the wheel and bellows, pro-

ceeded to quicken it, when the dynamite exploded, killing him and inflicting serious injuries upon plaintiff.

The foreman was in court, but not sworn as a witness. There was sufficient in the case to warrant the jury in finding that the foreman knew, or in the exercise of ordinary care should have known, what Carvallo was doing. It is impossible to believe that the latter, never having used dynamite and being wholly unfamiliar with its use, should have left his work in the trench and proceeded to the dangerous task of thawing out dynamite in the manner he did, without being directed so to do. If the foreman did not give Carvallo the directions under which he was acting and did not know what he was going to do, the jury were yet justified in finding that he ought to have known.

The 120 days allowed by the statute to give the notice therein provided expired on the 28th day of March, 1905. The plaintiff was seriously injured. He was taken to the hospital, where he remained some six months, most of the time in bed, and his testimony is uncontradicted that the notice was signed and served within 10 days after he was able, physically or mentally, to do anything about it. He signed the notice on April 11, and it was served on April 12, 1905. He alleged in his complaint that he was unable, from physical and mental incapacity, to give the notice within the 120 days, but gave it within 10 days after the incompetency was removed. The question of its being served in time, or that the evidence did not sustain the allegation of the complaint in this respect, was not raised on the trial by the defendant in any manner. The question was one of fact for the jury (Forsyth v. City of Oswego, 191 N. Y. 441, 84 N. E. 392), and their conclusion should not be disturbed.

The verdict is not excessive, and the judgment and order must be affirmed, with costs. All concur.