## ZILLAH L. RANDOLPH, Appellant, v. CITY OF SPRINGFIELD.

### Division One, December 31, 1923.

1. **NEGLIGENCE:** Defective Sidewalk: Notice to City: Inability to Give Sufficiently Pleaded.  A petition alleging that "on the tenth day of April, 1921, the plaintiff, while walking along said sidewalk, using due care and caution, caught the heel of her shoe in said hole and was thrown backwards to the ground with such force as to strain her back and spine to such an extent as to cause her great suffering and pain, and was so hurt that she has not yet recovered; that for more than thirty days she was unable to get away from her home; that at the time of her injury plaintiff was pregnant; that the injury caused her to miscarry and lose the unborn child; that she notified defendant's mayor in writing, verified by affidavit, stating when the injury occurred and where it occurred, and the character and circumstances of the injury, and that plaintiff would claim damages for such injury; also stating in said notice that, because of her injury, she had not been able to notify the mayor sooner; that the injury occurred on the 10th day of April, 1921, and the notice was served on the mayor on the 29th day of June, 1921," sufficiently alleges injuries which rendered plaintiff unable to notify the mayor sooner than the 29th of June, and did not fail to state a cause of action because the notice was not given within thirty days after the injury, although the literal wording of the statute requires the notice to be given within thirty days.

302 Mo.—3

Randolph v. Springfield.

2. ——: ——: Inability to Give Notice: Arbitrary Statute:
Reasonable Construction. The statute (Sec. 8182, R. S. 1919) de-
claring that "no action shall be maintained against any city of the
second class on account of any injuries growing out of any defect
in the condition of any bridge, street, sidewalk, or thoroughfare
of such city, unless notice shall first be given, in writing, verified
by affidavit, to the mayor of said city, within thirty days of the
occurrence for which such damage is claimed," etc., cannot be
construed to deny a plaintiff, who has been rendered unable by the
injury to give the notice, the right to sue unless said notice is
given within said thirty days. Said section does not require notice
to be given within thirty days after the injury if the injured party
was so disabled by the injury as to be incapacitated to give the
notice within that time, but in such case a notice given within a
reasonable time, not exceeding thirty days, after such disability
is removed, is a sufficient compliance with the statute.

3. ——: ——: ——: ——: Constitutional Right to Sue. An
action for damages against a city for personal injuries due to the
city's failure to maintain its streets in a reasonably safe condi-
tion, is not statutory, but is bottomed on the common law; and
to construe the statute (Sec. 8182, R. S. 1919), declaring, without
exception, that notice of said injury shall be given within thirty
days, to require the injured party to give notice of the time, place,
character and circumstances of the injury within thirty days,
when he was unable to do so by reason of his physical or mental
disabilities, especially if such disabilities have arisen from his
injuries received as a result of the city's negligence, would be un-
thinkable and unreasonable, and would be to bring said statute in
conflict with Section 10 of Article 2 of the Constitution declaring
that "the courts of justice shall be open to every person, and cer
tain remedy afforded for every injury to person, property or char-
acter," since any legislative act which clogs or encumbers with an
impossible condition the right to enforce such common-law right
would conflict with such constitutional provision and would be
invalid. But it should be assumed that the Legislature intended
that said statute should not violate said constitutional provision,
but did intend that the courts would give it such a construction as
would render it subject to and in harmony with said provision.

4. ——: Notice to City: Reasonable Time: What Notice Should
Contain. Section 8182, requiring notice of the time, place, char-
acter and circumstances of the injury within thirty days after it
occurred, is not unconstitutional on the theory that the time fixed
for giving the notice is unreasonably short. If it required the in-
jured party to give all the facts, whether he knew them or not,
and prevented him from recovering on any other facts than those

Randolph v. Springfield.

stated in the notice, it would impose onerous and unreasonable conditions, and would be a Statute of Limitations barring recovery after thirty days, and would therefore be unconstitutional. But the statute, rightly construed, only requires the injured party to give such information of the time, place, character and circumstances of the injury as he possesses and to act in good faith in notifying the city, and so construed the time within which the notice is to be given, reasonable extension being allowed when the injured party is physically or mentally disabled by the injury, is not unreasonable or the statute unconstitutional

5. ———: ———: **Special Law: Special Limitations.** A statute which applies to all existing and future cities of the second class is not a special or local law, and therefore its provision declaring that no action for personal injuries "shall be maintained against any city of the second class . . . unless notice shall have first been given . . . to the mayor . . . within thirty days" after the injury was received, does not violate that provision of the Constitution prohibiting the enactment of any local or special law "for limitation of civil actions."

6. ———: ———: **Unreasonable Classification: Different Limitations.** The fact that one statute (Sec. 7956, R. S. 1919) requires that notice of personal injury due to the negligence of a city of the first class must be given within sixty days, that another requires notice in cities of one hundred thousand inhabitants to be given in ninety days, and that no requirement at all is required in cities of the third and fourth class, does not render invalid, as unreasonable and vicious classification, a statute which requires such notice, where the injury occurs in a city of the second class, to be given in thirty days. Legislation for cities, by classes or population, is reasonable classification, and it is within the province of the Legislature to require a notice to be given within a certain time in one class of cities and a notice of different length to be given in another class.

Appeal from Greene Circuit Court.—*Hon. Orin Patterson*, Judge.

REVERSED AND REMANDED.

*A. B. Lovan* for appellant.

(1) Sec. 8182, R. S. 1919, closes the court against a person who has been injured by the negligence of the city, unless he notifies the mayor within thirty days of the occurrence for which damages is claimed. This violates Section 10 of Article 2 of the Constitution of Missouri. Haggard v. Carthage, 168 Mo. 163. In Missouri it has always been held that the right to sue a city for an injury caused by a defect in the street is founded upon the common law, and not upon any statute, and that the city cannot shift or evade the liability. Vogelgesang v. St. Louis, 139 Mo. 135; Hackenyos v. St. Louis, 203 S. W. 999; Bean v. St. Joseph, 211 Mo. App. 210; Morrell v. Kansas City, 179 S. W. 762. Section 8182 is unconstitutional because it is in conflict with the following: Constitution of Missouri, art. 4, sec. 53, par. 31; Louisville v. Kuntz, 47 S. W. 592; Louisville v. Hegan, 49 S. W. 532; Louisville v. Seibert, 51 S. W. 310; Louisville v. McGill, 52 S. W. 1053; Richardson v. Mehler, 63 S. W. 962; Union Central Life Ins. Co. v. Spinks, 83 S. W. 619; Edmunds v. Herbrandson, 14 L. R. A. 727; Henderson v. Koenig, 168 Mo. 372; State ex rel. Harris v. Hermann, 75 Mo. 353; Hamman v. Cen. Coal & Coke Co., 156 Mo. 241; Cooley's Const. Limitations (7 Ed.) p. 556. (3) Section 8182 is unconstitutional because such a short time as thirty days is an unreasonable provision. "Such requirements will not be sustained if they are unreasonable and do not tend to the due administration of justice." 5 McQuillin on Municipal Corp. p. 5124; Durham v. Spokane, 68 Pac. 386; Born v. Spokane, 68 Pac. 387. (4) The record shows that appellant, on account of her injury, was unable to notify the mayor until after the thirty days had expired. "Under the ordinary Statute of Limitations it is universally held that the statute does not run against one who is incapacitated from bringing the action; and it would work a miscarriage of justice to hold one who is injured should be barred from collecting meritorious damages by reason of the fact that he was

incapacitated from filing his claim until after the time prescribed had expired." Born v. Spokane, 68 Pac. 387.

*Dan M. Nee* for respondent.

(1) The provisions, such as this requiring notice to be served upon a city before an action can be maintained, has in this and other states been repeatedly upheld as a condition precedent to the right to maintain an action, and does not deprive the injured person of any vested right, even though his cause of action may have existed at common law. It is to be construed strictly with regard to the notice being given within the time required. 4 Dillon on Mun. Corp. (5 Ed.) 2814, 2815; Durham v. Spokane, 27 Wash. 615, 68 Pac. 383; Reno v. St. Joseph, 169 Mo. 462; Lyons v. St. Joseph, 112 Mo. App. 681. (2) It does not violate Section 10 of Article 2 of the Constitution of Missouri, in that it closes the courts against persons who have been injured by the negligence of the city. Provisions such as this are incorporated in the charters of various cities in many states and have been repeatedly upheld, although the time varies from thirty to ninety days. Hay v. City of Baraboo, 105 N. W. 660; Postel v. Seattle, 83 Pac. 1025; Lyons v. Cambridge, 132 Mass. 534; McNulty v. Cambridge, 130 Mass. 275. (3) Said Section 8182, requiring a notice to cities for claims of injuries received in a street is not unreasonable. The notice is required to allow the city to investigate and to prevent the prosecution of fraudulent and exaggerated claims. Carter v. St. Joseph, 152 Mo. App. 503; Anthony v. St. Joseph, 152 Mo. App. 182; Lyons v. Cambridge, 132 Mass. 534; McNulty v. Cambridge, 130 Mass. 275. (4) Section 8182 does not violate Paragraph 31, section 53 of Article 4 of the Constitution. This section is not a special or local law, as it applies to all cities in the State now having, or that in the future may have, a population of not less than 27,500 or more than 75,000. This classification by population clearly brings this section out of the scope

of special or local legislation. This is so even where the act would apply to only one city. State ex inf. v. Southern, 265 Mo. 286; State ex inf. v. Cont. Tobacco Co., 177 Mo. 1; State ex rel. v. County Court, 128 Mo. 442; State ex rel. v. Bell, 119 Mo. 70. (5) Even though the right to sue a city is a common-law action, the statute in controversy is subject to the same rule of construction as though the right of action was purely statutory. "The courts cannot ingraft an exception into the statute where the statute makes no exception." Ransom v. South Bend, 136 Pac. 366; Collins v. Spokane, 116 Pac. 663. (6) The contention of appellant that because of her injuries she was unable to serve the notice required by statute is untenable. Being incapacitated because of injuries is no excuse for failing to give the statutory notice. The Kansas City Court of Appeals passed squarely on this point, and held there was no exception. Reid v. Kansas City, 195 Mo. App. 464. See also Schmidt v. Fremont, 97 N. W. 830; People v. Valparaiso, 100 N. E. 70; Hoffman v. Milwaukee Ry. Co., 127 Wis. 76; Davidson v. Muskegon, 11 Mich. 454; Ronson v. South Bend, 136 Pac. 366; Osinceip v. Hsethorn, 46 L. R. A. (N. S.) 174.

SMALL, C.—Plaintiff sued the city of Springfield for $7500 damages for personal injury alleged to have been sustained through the negligence of the city in permitting a sidewalk to become and remain defective. She lost below on demurrer to her petition, because it failed to allege that she gave the city notice required by the statute within thirty days after the accident occurred. The petition, however, contained the following allegations: "That on the 10th day of April, 1921, the plaintiff while walking along said sidewalk using due care and caution caught the heel of her shoe in said hole and was thrown backwards to the ground with such force as to strain her back and spine to such an extent as to cause her great suffering and pain and was hurt so severely that she has not yet recovered; that for more

than thirty days she was unable to get away from her home; that at the time of her injury, plaintiff was pregnant; that the injury caused her to miscarry and lose the unborn child. Plaintiff further states that she notified defendant's mayor in writing, verified by affidavit, stating the place where the injury occurred and when it occurred, and the character and circumstances of the injury, and that plaintiff would claim damages for such injury. Also stating in said notice, that because of her injury she had not been able to notify the mayor sooner. That the injury occurred on the 10th day of April, 1921, and the notice was served on the mayor on the 29th day of June, 1921. That said notice is attached hereto and made a part of this petition.''

The plaintiff standing on her demurrer and refusing to plead further, the court rendered judgment against her, and failing to obtain a new trial, she appealed to this court. In her motion for a new trial, plaintiff alleged, among other things, that the demurrer was sustained for the reason that such petition shows on its face that she failed to notify defendant of the injury sued for within thirty days, as provided for by Section 8182, Revised Statutes 1919. That the plaintiff contends that said section is void because it violates Section 10, Article II, of the Constitution of Missouri. That her petition shows that she was severely injured, and that because of such injury, she was unable to notify defendant sooner than June 29, 1921, which was more than thirty days after the injury, and that the action of the court in construing said Section 8182, and sustaining defendant's demurrer, deprived plaintiff of her rights under said Section 10, Article II, of the Constitution.

I. We think that plaintiff's petition, in effect, alleges that the injuries she sustained for which the suit is brought, rendered her unable to notify the mayor sooner than the 29th day of June, 1921. The accident happened April 10, 1921. The petition states that on account of her injuries for more than thirty days she was

Notice Within Thirty Days: Inability to Give.

unable to get away from her home, and that she notified the mayor in writing of the injury on the 29th of June, 1921. That said notice, among other things, stated, "that because of her injury, she had not been able to notify the mayor sooner, and that said notice is attached to and made part of her petition." While the mere attachment of the notice to the petition, and recital in the petition that it was made part thereof, would not make it a part of the petition, still, in this case, the portion of the notice stating that "because of her injury she had not been able to notify the mayor sooner," was set forth in the petition itself and made a part thereof. So that we may assume that there was a sufficient allegation in the petition, that because of the plaintiff's injury sustained on account of the negligence of the city, she was unable to notify the mayor, as required by the statute, within thirty days after the injury was received, and was not able to give such notice until June 29th, the date she gave such notice. Indeed, learned counsel for the city in his brief does not contend to the contrary. So that the question is fairly presented to us whether, under the statute, in view of the constitutional provision referred to by appellant, the disability of the injured party to give the required notice, when caused by the injury sued for, affords an excuse for the plaintiff for not literally complying with the express words of the statute as to giving such notice.

Said Section 8182, Revised Statutes 1919, is as follows: "No action shall be maintained against any city of the second class on account of any injuries growing out of any defect in the condition of any bridge, street, sidewalk, or thoroughfare in said city, unless notice shall first have been given, in writing, verified by affidavit, to the mayor of said city, within thirty days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and the person so injured will claim damages therefor from such city."

The provision of the Constitution of Missouri cited by appellant, to-wit, Section 10, Article II, is as follows:

"The courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice should be administered without sale, denial or delay."

It is well settled in this State that an action for damages against a municipality for personal injury from negligence in failing to maintain the streets in repair, is not a statutory action, but is bottomed upon the common law. [Hackenyos v. St. Louis, 203 S. W. (Mo.), l. c. 999; Vogelgesang v. St. Louis, 139 Mo. 135; Morrill v. Kansas City, 179 S. W. (Mo. App.) l. c. 762; Benton v. St. Louis, 217 Mo. l. c. 700; Wolf v. Kansas City, 246 S. W. (Mo.) l. c. 240.]

It would seem to be clear, under the allegations of plaintiff's petition, that she was so injured through the actionable negligence of the city that she was unable by reason of such injury to give the notice within the thirty days required by such statute. If plaintiff had not been so severely injured by the defendant's negligence as to prevent her from giving such notice, she could have given it and would then not have been deprived by the statute of her right of action or remedy for the wrong inflicted upon her by the city. But if the construction of the statute by the lower court is correct, the fact that she was so seriously injured by the negligence of the city that she was unable to give such notice would make the statute, for that reason, deprive her of all right or remedy for the wrong inflicted upon her. In other words, if she is injured severely enough to prevent her from giving such notice of her injury, as required by said section of the statute, the statute forbids the courts of justice from being opened to her and deprives her of all right and remedy for the injury she sustained by reason of the negligence of the city. It is clear enough that if such a provision had been expressly contained in said section of the statute, it would have been in conflict with said Section 10, Article II, of the Constitution. If such an intent on the part of the Legislature is implied,

such implication would be equally inoperative and void as conflicting with the Constitution.

Statutes requiring notice of such injury to the city before suit brought or within a certain time have been generally enacted in most states of the Union. In a number of states the requirement to give such notice by express provisions of the statute does not apply to persons incapacitated or disabled from giving the notice until the disability is removed. [Welch v. Gardner, 133 Mass. 529; Stoliker v. Boston, 204 Mass. 522; Barclay v. Boston, 167 Mass. 596; Ray v. St. Paul, 44 Minn. 340; Gonyeau v. Milton, 48 Vt. 173.] But in the absence of such a provision, it has been held that, to apply the statute to a person who was unable to give the notice within the time required by the statute, especially when the inability to do so grows out of the very act of negligence which makes the city liable, would deny the plaintiff, in such cases, the due process of law demanded by both the State and Federal Constitution. [Williams v. Village of Port Chester, 72 App. Div. 505, reaffirmed on appeal, 97 App. Div. 84, and affirmed without opinion, 183 N. Y. 550; Murphy v. Village of Fort Edward, 213 N. Y. 397; Forsyth v. Oswego, 191 N. Y. 441; Webster v. Beaver Dam, 84 Fed. 280; Terrell v. Washington, 158 N. C. 281; Hartsell v. Asheville, 166 N. C. 633.]

In McCollum v. So. Omaha, 84 Neb. 413, a contrary ruling was made, but with a strong dissenting opinion, and the court held that even though the plaintiff was disabled by the accident from giving the notice, the failure to give it was fatal to the plaintiff's right of recovery. In Nebraska, however, the action is statutory. But even in that case, the learned dissenting judge used this apposite language: "Any rule of construction which will result in such flagrant injustice is so contrary to every instinct of humanity that it ought never to be permitted to disgrace the reports of the courts of last resort of any Christian state. It is preposterous to say that the Legislature ever intended to give a party a remedy for a wrong and at the same time deprive him of that

Randolph v. Springfield.

remedy if he failed to perform some condition subsequent which the wrong of the wrongdoer rendered it impossible for him to perform.''

In Touhey v. Decatur, 175 Ind. 98, it was held that disability did not excuse giving the statutory notice, on the ground that in that state the action was statutory and subject to such conditions as the statute might impose or to be entirely abolished thereby. In Ransom v. South Bend, 76 Wash. 396, and Hall v. Spokane, 79 Wash. 303, it was held that the required notice must be given, although the plaintiff was disabled from giving it by the accident, which, however, was in conflict with prior rulings of the same court in Born v. Spokane, 27 Wash. 719, and Ehrhardt v. Seattle, 33 Wash. 664.

In the case at bar, the plaintiff had a right of action at common law as soon as she was injured by the city. No act of the Legislature would be valid which clogged or encumbered her right to enforce such common-law right with impossible conditions, such as to require her to give notice when she was physically or mentally incapable of so doing, or other conditions impossible of performance, without her fault. To require such an impossibility of her would, in effect, be a denial of her right to sue at all upon a perfectly valid cause of action.

Referring to the above constitutional provision, this court in White v. Delano, 270 Mo. l. c. 30, WOODSON, J., delivering the opinion, said: ''To deter a person from asserting his constitutional rights in a court of justice by prescribing excessive penalties, physical force or mental restraint, is for all practical purposes a denial to him of 'due process of law. . . . In other words, the courts of this country will no more permit a partial closing of the doors of courts of justice to litigants, than they will tolerate a complete closing—the fundamental law of the land established the courts, and by providing that they should be opened to all, means that they have no doors to close in the face of a bona-fide litigant; consequently any statute which denies or trammels the right of a person to freely present his lawful rights to

a court of justice for determination, must yield to the superior mandate of the Constitution.''

The Legislature in enacting the section under consideration must be deemed to have been familiar with said Section 10, Article II, of the Constitution, and to have intended that said statute should not violate said provisions of the Constitution, but should and would be construed by the courts, subject to and in harmony therewith.

In Costello v. Kansas City, 280 Mo. 576, and Wolf v. Kansas City, 246 S. W. (Mo.) 236, we held, that under Section 1, page 545, Laws 1913, now Section 8904, Revised Statutes 1919, which required notice to be given to cities of over 100,000 within ninety days from the accident giving the same information as required by said Section 8182, no such notice need be given at all where the suit is brought and the petition served upon the city within said ninety days. We refused to construe said section literally, but gave it a reasonable construction, so as not to conflict with fundamental law. In the Wolf Case at page 240, BROWN, C., delivering the opinion, said:

''The city will be liable for damages resulting from its failure to keep the streets and alleys  .  .  .  in a safe condition. This has, from the earliest times, been considered so just and reasonable that the common law has constituted a neglect of that duty an actionable wrong, for the redress of which a common-law action will lie. It is plain that legislative enactments that impose a burden upon that remedy which does not rest upon suits for redress of other wrongs are in derogation of the common law and common right and should be construed accordingly. We express the same idea when we say that, if such suitors ought not to have redress, the Legislature should say so and that, if such redress should be burdened with onerous conditions which apply to no other class of suitors, it should be plainly and unmistakably stated.

''Coming to the construction of the Act of 1913 (requiring notice to cities of 100,000 inhabitants or more),

we are particularly puzzled by the use of the word 'until.' Were the word 'unless,' it would be perfectly intelligible, meaning that the defendant should be informed of the facts and intention of the injured party to sue within ninety days from the date of the injury, which would be, under the circumstances, a reasonable requirement. The word 'until' might be so construed that, if suit were brought the day after the injury without such notice, it could not be maintained for an instant, br would abate automatically. It would then express the intention of the Legislature to forbid the bringing of a suit against the city until he informed it of all the facts he would be permitted to prove at the trial and estop himself forever from correcting any mistake in his present information. Upon this construction the statute is not only equivalent to the enactment of a statute of limitations of ninety days, but prescribes a rule of pleading which abolishes the right of amendment in the cases to which it applies. To ascribe this intention to the Legislature is unthinkable.''

We have thus ruled, that a construction should not be placed upon said section which would burden the remedy of the injured party with onerous and unthinkable conditions, unless it should be plainly and unmistakably stated therein. To construe the section in question now before us to require an impossibility of the injured party to give notice stating the time and place, the character and circumstances of such injury, as required by said section, when he was unable to do so by reason of his physical or mental disabilities, especially if arising from the negligence of the city which injured him, would be as unthinkable and unreasonable as the construction contended for and so strongly condemned by. this court in the Wolf Case.

We, therefore, hold that said Section 8182 did not require the thirty days' notice therein provided for to be given, if the injured party was so disabled by the injury complained of as to be incapacitated from giving such notice during said thirty days, and that if the notice is

given within a reasonable time not exceeding thirty days after the disability to give the notice is removed, this will be sufficient to comply with said statute.

II. It is also contended by appellant that said Section 8182 is unconstitutional, because the time fixed for giving such notice, thirty days after the injury, is unreasonable and entirely too short to give the party, though not so injured as to be incapacitated, physically or mentally, reasonable time to gather the information required by him to be given the city in such notice. But, we think, that, properly construed, the injured party is only required by said section to give such information as he possesses and to act in good faith in notifying the city thereof, within the time limited in said section. To require him to give all the facts, whether he knew them or not, and prevent him from recovering on any other facts than those stated in said notice, would put him in the dilemma stated in the Wolf Case and impose onerous and unreasonable conditions on him not imposed upon others asserting common-law rights and make the statute a statute of limitations absolutely barring him in thirty days, whereas a statute of limitations of ninety days in such cases, would, as we have ruled in the Wolf Case, be unreasonable. The power to enact statutes of limitations is subject to the fundamental condition that they must allow a reasonable time for the exercise of the right of action, and it will be declared unreasonable if the time fixed is so manifestly inadequate as to amount to a denial of justice. [12 C. J. sec. 574, pp. 978-979.] But if the injured party is only required to give such information as he possesses, of the character and circumstances, time and place of the accident, within thirty days, as we hold, which is all that can be reasonably and therefore constitutionally required of the injured party, the statute does not infringe upon the fundamental law. Thirty days was held not so short a time as to be unreasonable in Massachusetts to give such notice, where the statute expressly provides

*Reasonable Time.* (margin note)

it need not be given by persons incapacitated to give the same until their disability is removed. [Mulvey v. Boston, 197 Mass. 1. c. 183-4.]

We rule this point, therefore, against appellant.

IV. It is claimed that said Section 8182 violates Paragraph 31, Section 53, Article IV, of the Constitution of this State, which prohibits the enactment of any local or special law for limitation of civil actions; that said section is a local or special law, because it only applies to cities of the second class. But, we hold it is not a local or special law for that reason, because it applies to all existing or future cities of the second class and is not limited to any particular city or cities of that class. [Forgrave v. Buchanan County, 282 Mo. 599, and cases cited.]

Special Law: Limitations.

V. It is also contended, that said Section 8182 is unreasonable and, therefore, vicious class legislation, in that all cities and persons of the State are not embraced therein and treated alike, under the same circumstances. That in cities of the first class, the injured party has sixty days within which to give such notice (Section 7955); in cities of 100,000 inhabitants, ninety days (Section 9894); in cities of the third and fourth classes, there is no requirement for any such notice at all. But in cities of the second class, to which plaintiff alleges the defendant belongs, the notice, must be given within thirty days, as provided by said Section 8182.

Unreasonable Classification.

We must rule this point also against appellant. Legislation for cities, according to class or population, has long been recognized as a reasonable classification. [State ex inf. v. Southern, 265 Mo. 1. c. 286-7.] It was within the province of the Legislature to require the notice to be given in sixty days in cities of the second class, and within ninety days in cities of the first class, and not to require any notice at all in cities of the third and fourth classes. Whether the requirement that the notice should be in sixty days in cities of the first class, which

are composed of 100,000 inhabitants or more, and within ninety days in cities of 100,000 inhabitants, is unequal and unreasonable classification does not affect the question before us, which concerns said Section 8182, which refers only to cities of the second class.

For the error, however, heretofore pointed out, the judgment below is reversed and the cause is remanded for trial according to the views herein expressed. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All the judges concur; *James T. Blair, J.,* in result.