SIGFRID HILLBORG, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, April 17, 1942.

*Julian C. Keppler* of counsel [*David C. Lewis,* attorney], for the appellant.

*Charles F. Murphy* of counsel [*William F. Miller* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondent.

PER CURIAM. This case involves a claim of negligence against an agency of the city of New York. Concededly the statutory notice required in order to perfect a claim was filed fifteen days late. A verdict was directed for the defendant presumably on the authority of section 457-a of the Civil Practice Act on the ground that a verdict in favor of the plaintiff would be against the weight of the evidence.

The record in this case shows a very serious brain injury and the medical testimony, if believed, would warrant a finding that there had been a loss of memory as to the cause of the accident. The Court of Appeals in *Forsyth* v. *City of Oswego* (191 N. Y. 441) said in speaking of a statute which required notice within three months: " In the absence of any explanation of plaintiff's delay in this respect, the direction of the statute would have been con-

clusive and final. There was an explanation, however, and it was for the jury to say whether it was credible and satisfactory. If the plaintiff was, as he claimed, physically and mentally unable to prepare and present his claim, or to give directions for its preparation and presentation during the whole of the three months within which he was required by the defendant's charter to present it, then he was entitled to a reasonable additional time in which to comply with the charter in that regard. This is because the law does not seek to compel that which is impossible."

The record presented a question of fact that should have been submitted to the jury.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Judgment and order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.