[Civ. No. 12942. First Dist., Div. Two. Apr. 22, 1946.]

FRED SCHULSTAD, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John A. Foley, C. F. Eschwig, J. Emmett Chapman and Frederick C. Dewar for Appellant.

John J. O'Toole, City Attorney, and Lawrence S. Mana, Deputy City Attorney, for Respondent.

J. F. DuPaul, City Attorney (San Diego), and J. H. Mc-Kinney, Deputy City Attorney, as Amici Curiae on behalf of Respondent.

DOOLING, J.—This is an appeal from a judgment for defendant City and County of San Francisco entered after its demurrer to plaintiff's complaint had been sustained without

leave to amend. The complaint is one for personal injuries alleged to have been suffered by appellant on December 5, 1943, by being struck by a bus negligently operated by respondent's employee.

The complaint alleges the presenting of a verified claim for such injuries to the controller on May 31, 1944. The San Francisco charter in section 87 requires such claims to be presented to the controller "within sixty days after the occurrence from which it is claimed the damages have arisen."

In explanation of his failure to comply with the sixty-day time provision of this section the plaintiff alleged in his complaint:

"That plaintiff failed to file said claim against said City and County of San Francisco, with the Controller of said City and County, within sixty days as required by law, for the reason that plaintiff was wholly incapacitated mentally by reason of the above described injuries suffered by him, until the date upon which said claim was actually filed as hereinabove set forth."

The question is squarely presented whether a plaintiff who is rendered mentally incapable of filing a claim within the time specified in the charter by the same injury which is the basis of his cause of action is nevertheless barred although he actually files his claim as soon as he regains the mental ability to do so.

That he is barred under such circumstances was expressly held in *Johnson* v. *City of Glendale,* 12 Cal.App.2d 389 [55 P.2d 580], and *Wicklund* v. *Plymouth E. School Dist.,* 37 Cal.App.2d 252 [99 P.2d 314], but we feel justified in reexamining the question in view of the later decision of the Supreme Court in *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].

Prior to the latter decision it had been established by an unbroken line of authority in this state that the time limits fixed in claim provisions of the character here in question were not subject to any exception, however harsh their operation might be in the particular case. In *Farrell* v. *County of Placer,* *supra,* this harsh rule was relaxed, the court holding that the counties defendant in that case could be estopped by the representations of their agent from insisting on the filing of a claim within the time limit fixed by the law. The court said in that case (23 Cal.2d at p. 630):

"Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essen-

tial requisite to plaintiff's cause of action, nevertheless the time element with respect to the filing of the claim is essentially procedural in nature (citing cases) and is analogous to a statute of limitation. (Citing cases.) It has been intimated by some authorities that the claim statute is the measure of the power of the governmental agency in paying the tort claims involved, and hence any deviation from that procedure cannot be dispensed with by waiver, estoppel, or otherwise. That conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason.''

There is a divergence of authority in other jurisdictions as to whether a plaintiff is excused from compliance with the time provision of a claim statute by the fact that as a result of the very tort for which he seeks recovery he was rendered mentally or physically incapable of filing the claim within the required time. (See notes in 31 A.L.R. 619; 59 A.L.R. 411; and 109 A.L.R. 975.) Many cases have recognized the manifest injustice of denying to an injured person relief for his injury against a municipality where the gravity of the injury itself so disabled him that he was unable to present the statutory claim within the time required, and have held that where the very injury for which he seeks recovery has prevented his filing his claim in time, a filing within a reasonable time after he is able to do so is a sufficient compliance with the statute. (*Webster* v. *City of Beaver Dam,* 84 F. 280; *Green* v. *Village of Port Jervis,* 55 App.Div. 58 [66 N.Y.S. 1042]; *Walden* v. *City of Jamestown,* 178 N.Y. 213 [70 N.E. 466]; *Forsyth* v. *City of Oswego,* 191 N.Y. 441 [84 N.E. 392, 123 Am.St.Rep. 605]; *Hillborg* v. *City of New York,* 263 App.Div. 668 [34 N.Y.S.2d 153]; *City of Colorado Springs* v. *Colburn,* 102 Colo. 483 [81 P.2d 397]; *Terrell* v. *City of Washington,* 158 N.C. 281 [73 S.E. 888]; *Randolph* v. *City of Springfield,* 302 Mo. 33 [257 S.W. 449, 31 A.L.R. 612]; *City of Tyler* v. *Ingram,* (Tex.Civ.App.) 157 S.W.2d 184; *Hartsell* v. *City of Asheville,* 166 N.C. 633 [82 S.E. 946].) These courts have recognized that a city should not be allowed to escape liability by reason of its own wrongful act in rendering the plaintiff incapable of complying with the time provision of its claim statute.

Thus in *Green* v. *Village of Port Jervis, supra,* 66 N.Y.S. at page 1044, the court said that ''if compliance with the condition is rendered temporarily impossible by the wrongful act of the defendant, it would be monstrous to allow the de-

fendant to assert that fact as a defense to the action. The requirement of notice necessarily presupposes the existence of an individual capable of giving it, and not one deprived of that power by the operation of the very wrong to be redressed. That the defendant should be permitted to take advantage of its own wrong is clearly not within the purview of the law.''

In *Terrell* v. *City of Washington, supra,* 73 S.E. at page 895 we read:

''But the jury have found, under proper instructions, that by reason of his injuries, which affected him both mentally and physically, the plaintiff was unable, during that period, to transact ordinary business or to present his claim, and that he did so within a reasonable time after he was restored sufficiently to do so. This, we think, excused the delay. . . . It may very properly be said that it would, in truth, shock the sense of justice and right if this provision was construed so as to hold the notice of the plaintiff's claim insufficient under the circumstances. It is an accepted maxim that the law does not seek to compel that to be done which is impossible. It cannot reasonably be presumed that the intention of the Legislature, in enacting this charter, would lead to any such unjust conclusion. . . .''

More tersely the court said in *City of Tyler* v. *Ingram, supra,* 157 S.W.2d at page 189:

''To hold that a city may, upon adopting such a charter provision, wrongfully injure a person to the degree of rendering the victim powerless to comply with its terms, and then avoid liability by invoking such charter provision in bar of the right to sue, would constitute a complete denial and abrogation of the claimant's right of recourse to the courts.''

We might also quote the dry remark of Mr. Justice Butler in his concurring opinion in *City and County of Denver* v. *Taylor,* 88 Colo. 89 [292 P. 594, 598, 72 A.L.R. 833]:

''To adopt the strict rule, which we should decline to do, would be equivalent to offering this suggestion to municipalities: If you are negligent on any occasion, see to it that your negligence is sufficiently gross to insure the complete physical and mental disability of the victim; for by doing so, you will avoid the necessity of paying damages, which you would be required to pay if the victim were left in possession of his faculties.''

Respondent argues that this case is not to be governed by *Farrell* v. *County of Placer, supra,* 23 Cal.2d 624, because in our case there is no estoppel as such. That there is in our case

no estoppel by representation is true, but the fundamental fact exists in both cases that defendant by its wrongful conduct prevented the plaintiff from filing his claim within the time provided by law. It is a maxim of jurisprudence embodied in section 3517 of our Civil Code that: "No one can take advantage of his own wrong." To permit defendant to take advantage of the sixty-day provision of section 87 of its charter under the facts alleged in the complaint would violate this maxim as fully as a similar holding in the Farrell case would have done.

We have reached the conclusion that the reasoning of the Supreme Court in the Farrell case justifies us in refusing to follow *Johnson* v. *City of Glendale,* 12 Cal.App.2d 389 [55 P.2d 580], and *Wicklund* v. *Plymouth E. School Dist.,* 37 Cal.App. 2d 252 [99 P.2d 314], cited *supra.* We limit our holding to a case, such as this, in which the plaintiff is rendered incapable of filing the claim in time by the tortious injury for which he seeks to recover. So limited our ruling does not conflict with *Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831].

The judgment is reversed with directions to the trial court to overrule the demurrer.

Nourse, P. J., and Goodell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 20, 1946. Edmonds, J., and Spence, J., voted for a hearing.