61 So.2d 917 (1952)
CITY OF MIAMI BEACH
v.
ALEXANDER.
Supreme Court of Florida, Division A.
December 16, 1952.
Dixon, DeJarnette & Bradford and James A. Dixon, Miami, for appellant.
John D. Marsh and Pine & Taylor, Miami, for appellee.
THOMAS, Justice.
The appellee sued the appellant for damages sustained when she was struck by a garbage truck, alleged to have been negligently operated by an agent, servant or employee of the city. This occurred June 28, 1950.
On August 8, 1950, an attorney of Miami, representing the appellee, wrote a letter to the city attorney of Miami Beach advising him of the mishap, giving in some detail the circumstances and the nature and extent of the injuries, and requesting an acknowledgment of "this claim."
In the ordinary course of pleading the city moved to dismiss the complaint on the ground, with one other, that it appeared on its face that there had been no compliance with a requirement of the charter that, as a condition precedent to the maintenance of any suit against the city based on tort, the city be notified of the claim within thirty days after its origin. This motion was denied, and the point was again presented in the answer where it remained, despite an effort to remove it by motion to strike.
On the eve of the trial, counsel for the city asked for a judgment in favor of the city on the pleadings inasmuch as forty-one days had elapsed between the injury and the notice. After the judge announced *918 that he would grant this motion, but before the judgment was actually entered, a motion in arrest of judgment was made by the appellee containing the request that the cause proceed to trial, or that the plaintiff be permitted to reply to that part of the answer setting up the charter restriction so that the plaintiff might show that she was rendered unconscious by her injuries "for such period of time as to be unable * *" to perform the condition precedent. The day the judgment was entered the defendant, appellant, moved to strike the motion in arrest.
When the motion to arrest and the motion to strike it reached the judge for a ruling the plaintiff, appellee, asked that the motion to arrest be considered one to vacate. The judge granted the request, granted the motion, and denied the motion to strike. From this order, in effect simply one vacating the judgment and placing the cause on the calendar for the ensuing term, this appeal was taken.
As we approached the task of writing this opinion, we first decided that the order vacating the judgment was not appealable, then we were reminded that a motion to dismiss on this ground had been presented many months before and we had denied it on the authority of Seaboard Oil Co. v. Chalk, 112 Fla. 387, 150 So. 605. We then re-examined the opinion in that case in the light of the facts there and compared those facts with the ones reflected in this record with the result that we did not find any occasion to disturb the order on the motion to dismiss, especially as that ruling had become the law of this case and had been relied upon by counsel. Nor are we convinced that despite the ruling there is such a want of jurisdiction to entertain this appeal and dispose of it upon the merits as to warrant our recession from the first ruling.
So we return to the question whether the judge should have entered the judgment for the defendant on the pleadings or, to state it otherwise, whether a period fixed by the legislature for giving notice of damage to a city as a condition precedent to suit may be extended by a court because of the circumstance that the injured person was unconscious during the term.
There are two schools of thought on the subject. One, in effect, holds to the view that such incapacity will not prolong the period during which the notice must, by the statute, be given. Typical of this view is the opinion of the Supreme Court of Alabama in City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 646, 109 A.L.R. 970, where it was said that the court should not, "under the guise of judicial interpretation, * * *" supply an exemption in the case of a minor alleged to be mentally and physically incapacitated to give the notice, and that an action should not be entertained where the notice had not been "`* * * given within the specified time, however good the excuse for delay.'" Of like effect was the ruling of the Supreme Court of Indiana in Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E.2d 568. There, it was held that such a statute, being in derogation of the common law, must be strictly construed so no exception could be made in favor of an infant or one under mental or physical disability.
This court has applied statutes similar to the one here with considerable strictness, but we think that in this case we have run headlong into an exception, a very narrow one, that should be recognized. We have stated that the plaintiff proposes to show that she was unconscious for the full period fixed for the giving of the notice. If she can establish that she was in such a state, then she not only could not have notified the city herself, but could not have authorized anyone else to do so. In this circumstance the serious nature of the injury, charged to the defendant, and the requirement of the statute, calculated to protect the defendant, would combine in depriving her of due process of law. Such would be the inevitable result of a holding that the time for fulfilling the condition precedent would expire while she was utterly helpless mentally. See: Schulstad v. City and County of San Francisco, 74 Cal. App.2d 105, 168 P.2d 68; Forsyth v. City of Oswego, 191 N.Y. 441, 84 N.E. 392; Randolph v. City of Springfield, 302 Mo. 33, 257 S.W. 449, 31 A.L.R. 612.
*919 We conclude that one rendered unconscious by an act charged to have resulted from the negligence of a city, and who remains unconscious as a result of that act for the full period allowed for the giving of the notice will not be precluded from recovery because of failure to comply with the statute. How much time will be allowed to perform the condition precedent after regaining consciousness we will not attempt to say at this stage of this controversy. That is a matter that should be presented first to the trial court for decision.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.