ALLEN, Judge.
The appellant, who was the plaintiff below, appeals from a .final order dismissing his suit against L. H. Gordon and the City of Pahokee.
The plaintiff, a 13 year old minor, by his next friend, brought suit against L. H. Gordon, a police officer employed by the co-defendant, City of Pahokee, alleging that plaintiff was shot in the back with a gun loaded with buckshot while the said Gordon was attempting to arrest him. The shooting was alleged to have been accomplished in a wanton, malicious and reckless manner, without just cause or provocation.
*596 The order dismissing- the action, which was entered on May 29th, provides:
“This cause was presented May 9, 1962, upon Defendants’ motion served April 25, 1962, to dismiss the complaint. Section 90, Chapter 18759, Special Acts of the 1937 Florida Legislature, provides that no suit shall be maintained against the City of Pahokee, Florida, for damages arising out of any tort unless it shall be made to appear that written notice of such damage was given to the City Clerk within sixty days after the receiving of the injuries. The complaint fails to allege facts in compliance with this provision of the law. Thereupon, it is
“ORDERED Defendants’ motion to dismiss is granted. Plaintiff may plead within fifteen days of the date of this order. City of Miami (sic) v. Alexander, (Fla.) 61 So.2d 917.”
The plaintiff declined to amend and final judgment was entered the 29th day of May, 1962.
It is apparent from the judge’s order that the circuit judge based his dismissal of the case upon the failure of the plaintiff to serve notice upon the City within sixty days after receiving his injuries. We shall, therefore, not allude further to any question of whether or not sufficient facts were pleaded to show negligence in the case, reserving the right in the defendants upon the remand of this case to the lower court for further proceedings to attack the complaint if they deem it advisable.
The appellant states two questions :
1. “Whether or not a plaintiff in an action for damages against a police officer and a municipality was excused from giving written notice to the city clerk of his damages within sixty days .after receiving the injury causing the damage as required by city charter, where the plaintiff was a minor, thirteen years of age, and was totally disabled by gun shot from a shotgun wrongfully fired at him by the police officer of said municipality and where said total disability and minority continued to date upon which suit was brought by next friend of said minor against the police officer and the city for damages resulting in said wrongful shooting.”
2. “Whether or not a provision in a municipal charter requiring a person to give notice to the city clerk of damages received by him within sixty days after receiving the injury may be invoked by a police officer of said city who wrongfully caused the damages.”
Alluding to point 2 first, we find nothing in Chapter 18759, Section 90, Special Acts of 1937, that would require the plaintiff to comply with this chapter in a suit against a tortfeasor who had injured him. This statute is for the benefit of the City and not for any individual who might be sued jointly and with the City.
We hold, therefore, that even if the suit should be dismissed, against the City of Pahokee for failure to comply with the act requiring notice of the suit, etc., to be given to the city clerk within 60 days, such would not apply against the other defendant in the case.
We shall next examine the complaint filed in this cause to see if the allegations of the complaint as to the incapacity of the plaintiff to take action within 60 days comes within the exception set forth by the Supreme Court of Florida in City of Miami Beach v. Alexander (Fla. 1952), 61 So.2d 917.
In the Miami Beach case, supra, the Supreme Court held that one rendered unconscious by an act charged to have resulted from the negligence of a City, and who remained unconscious as a result of that act for the full period allowed for the *597 giving of the notice which was a condition precedent to suit, would not be precluded from recovery because of failure to give notice within the required time. The Supreme Court, in its opinion, said that the case involved a question of whether a period fixed by the legislature for giving notice of damage to a city as a condition precedent to suit may be extended by a court because of the circumstance that the injured person was unconscious during the term.
The Court, in its opinion written by Mr. Justice Thomas, said:
“There are two schools of thought on the subject. One, in effect, holds to the view that such incapacity will not prolong the period during which the notice must, by the statute, be given. Typical of this view is the opinion of the Supreme Court of Alabama in City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 646, 109 A.L.R. 970, where it was said that the court should not, ‘under the guise of judicial interpretation, * * * ’ supply an exemption in the case of a minor alleged to be mentally and physically incapacitated to give the notice, and that an action should not be entertained where the notice had not been ‘ “ * * * given within the specified time, hozvever good the excuse for delay.’” Of like effect was the ruling of the Supreme Court of Indiana in Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E.2d 568. There, it was held that such a statute, being in derogation of the common law, must be strictly construed so no exception could he made in favor of an infant or one under mental or physical disability.
“This court has applied statutes similar to the one here with considerable strictness, but we think that in this case we have run headlong into an exception, a very narrow one, that should he recognized. We have stated that the plaintiff proposes to show that she was unconscious for the full period fixed for the giving of the notice. If she can establish that she was in such a state, then she not only could not have notified the city herself, but could not have authorized anyone else to do so. In this circumstance the serious nature of the injury, charged to the defendant, and the requirement of the statute, calculated to protect the defendant, would combine in depriving her of due process of law. Such would be the inevitable result of a holding that the time for fulfilling the condition precedent would expire while she was utterly helpless mentally. See: Schulstad v. City and County of San Francisco, 74 Cal.App.2d 105, 168 P.2d 68; Forsyth v. City of Oswego, 191 N.Y. 441, 84 N.E. 392; Randolph v. City of Springfield, 302 Mo. 33, 257 S.W. 449, 31 A.L.R. 612.”
The opinion of the Supreme Court further commented as follows:
“ * * * How much time will be allowed to perform the condition precedent after regaining consciousness we will not attempt to say at this stage of this controversy. That is a matter that should be presented first to the trial oourt for decision.”
An extensive annotation on the effect of infancy or incapacity on the notice required as a condition of holding a municipality or other political subdivision liable for personal injury, appears in 34 A.LlR.2d 725. In this annotation it is stated that the courts have differed widely as to the manner of applying notice provisions where the claimant is an infant.
In § 6, at page 733, several jurisdictions are listed as holding that the lack of timely notice has been held to bar recovery by minors for injuries, with the courts taking the position that the notice requirements permit of no exception in favor of minors in the absence of legislative authorization The jurisdictions listed as barring recovery by minors for injuries are Alabama, California, Colorado, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Nebraska, *598 New York, Tennessee, Utah and Washington.
Section 7, page 736, lists Illinois, Montana, New York and North Carolina as holding to the theory that compliance with notice requirements has been held excused in several cases involving infants, on the ground that an infant is incapable of giving notice and has no power to appoint an agent or attorney to do so.
Section 11, appearing at page 744 of the annotation, states the following:
“Even though the statute requiring notice within a specified time contains no provision regarding delay in giving or failure to give notice, mental or physical incapacity during the time when notice should have been given has been recognized in many cases as permitting the excusing of strict compliance with the notice requirement.”
Among the states listed as adhering to this proposition are jurisdictions including California, Colorado, Connecticut, Florida (Miami Beach v. Alexander, 61 So.2d 917), Missouri, Nebraska, New York, North Carolina, Oklahoma, Texas, Washington and Wisconsin.
The plaintiff, in his complaint filed March 13, 1962, alleged that the defendant, Gordon, while attempting to arrest him without a warrant of arrest, did commit an assault and battery upon him by shooting him in the back with a shotgun loaded with buckshot; that as a direct and proximate result of said act of the defendants the plaintiff was injured in different parts of his body and his spinal cord was severed at the base of his neck, thereby rendering plaintiff a paraplegic and totally disabled; that as a further direct and proximate result of said injuries, plaintiff has suffered intense mental and physical pain and will remain totally disabled for the remainder of his life; and that the foregoing incapacities caused by the shotgun wounds rendered it impossible for the plaintiff to give the notice required by Section 90 of the charter of the City of Pahokee, Florida, at any time since the date of his injuries aforesaid on August 6, 1961.
We conclude that these allegations constituted an issue sufficient for a jury’s determination as to whether or not the plaintiff was incapacitated from giving the notice required by the said city charter.
The judgment appealed is reversed and the cause remanded for further proceedings consistent with this opinion.
SHANNON, C. J., and SMITH, J., concur.