CARROLL, Judge.
The summary judgment for defendants is reversed. There was a triable issue to be submitted for jury determination as to whether the plaintiff was incapacitated so as to excuse giving notice of tort claim to the county within 60 days as required by ordinance, and, if so, whether the notice was given within a reasonable time after such incapacity ended.[1] The trial judge appears to have determined plaintiff did not come within the exception approved in the Alexander case[2] because he was not unconscious throughout the notice period. An affidavit of a doctor stated that the plaintiff was incapacitated by serious illness and pain during the period involved.[3] There was other evidence indicating the contrary. However, the conflicting evidence on that issue should not have been resolved by the court. See Johnson v. Studstill, Fla.1954, 71 So.2d 251; Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482; Alexander v. Gordon, Fla.App.1963, 147 So.2d 595.
In fairness to the trial judge, it should be noted that the later case of Alexander v. Gordon, supra, dealing with incapacity as an excuse for failure to give notice, had not been decided when he ruled. In Gordon, the exception was held applicable without continued unconsciousness. See also City of Colorado Springs v. Colburn, 102 Colo. 483, 81 P.2d 397; Forsyth v. City of Oswego, 191 N.Y. 441, 84 N.E. 392; Hillborg v. City of New York, 263 App.Div. 668, 34 N.Y.S.2d 153; Carter v. City of Greensboro, 249 N.C. 328, 106 S.E.2d 564, Burkard v. City of Dell Rapids, 76 S.D. 56, 72 N.W.2d 308.
The judgment appealed from is reversed and the cause remanded for triaL

. The alleged negligent act occurred November 14, 1960. The 60 day notice period ended January 13, 1961. Notice was given February 14, 1961.

. City of Miami Beach v. Alexander, Fla.1952, 61 So.2d 917.

. The doctor’s affidavit stated:
“Rodger Toop was a patient under my care at the Jackson Memorial Hospital from October 20, 1960, to January 20, 1961. During that period of time, Rodger Toop underwent two surgical procedures and also suffered a permanent injury to his sciatic nerve as the result of an improperly administered injection in the right buttocks area.
“Rodger Toop’s physical and mental condition rendered him incapable of recognizing or acting upon any legal rights or duties he may have had during the period beginning October 24, 1960, and ending during the first week of January, 1961. This condition was created by complications arising from his surgical procedures, and by pain caused by the aforementioned injection, making it necessary for him to be given large dosages of sedatives and narcotics. His condition was critical during a good part of his hospital confinement.”