CITY OF KANSAS, Respondent, v. N. N. VINDQUEST, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Charter of Kansas City**: CONSTRUCTION OF: RULE, NOSCITUR A SOCIIS. The rule, that whenever general words follow particular words of description, the general words do not enlarge the prior particular words but are restricted in their application to classes similar to those specifically designated, is simply a rule of construction to ascertain the real intention of the law-maker, and not of abrogation.

2. ——: ——: MERCHANT INCLUDES ICE DEALER. The charter of Kansas City specifically enumerates merchants among the persons and occupations to be licensed by the city and an ice dealer falls within that term ; nor does the mention in the same connection of ice wagon by name militate against such construction.

3. **Definitions**: MERCHANT AND TRAFFIC DEFINED. A merchant is one who traffics or carries on trade, is a trafficker as well as trader. To traffic is to pass goods and commodities from one person to another for an equivalent in goods or money.

4. ——: ——: STORAGE OF ICE IN KANSAS AND SALE IN KANSAS CITY. The fact, that defendant gathered and stored his ice in the state of Kansas, whence he shipped to Kansas City and delivered it from the cars on orders previously taken, will not exempt him from taking out a license.

*Appeal from the Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*Traber & Gibson,* for the appellant.

(1) The charter of the City of Kansas does not authorize nor grant appellee power to impose a license upon ice dealers as such, and for that reason the ordinance read in evidence by appellee is void, in so far as it requires a license from ice dealers. The complaint, under which appellant was arrested, is void for these reasons; and the judgment should have been for appellant. (2) All the evidence shows that appellant gathered and stored his ice in the state of Kansas, and it was delivered to customers in the City of Kansas, only upon orders previously taken. There is no evidence to the contrary. Nor is it shown, that appellant ever bought or sold or dealt in anything in Kansas City, nor that he bought it at any time or place. He simply delivered his ice, to his customers in Kansas City, as the jobber in St. Louis or Chicago delivers his goods and merchandise here to his customers. (3) Appellant paid his personal tax for the year 1887, to the Kansas authorities where said ice was stored. *Ruggles v. Collier,* 43 Mo. 375; *Knox City v. Thompson,* 19 Mo. App. 525. (4) The business of ice dealer is not of a "kindred nature and similar kind" to those specifically mentioned previously in the same section. This general clause is "only designed to apply to such business trades, avocations, and professions as are of a kindred nature and similar kind to those previously mentioned." *State v. Bryant,* 90 Mo. 556. "It is an established principle of construction that where general words follow particular ones, the rule is, to construe the former as applicable to the things or persons particularly mentioned." *St. Joseph v. Porter,* 29 Mo. App. 608; *City of St. Louis v. Laughlin,* 49 Mo. 563; *Knox City v. Thompson,* 19 Mo. App. 526. (5) A municipal corporation has no inherent right of legislation, and there is a limit to its right to restrain a citizen from engaging in a legitimate business, *Minturn v. Larue,* 23 How. 436;

*Kirkham v. Russell,* 76 Va. 961 ; *Thomson v. Lee County,* 3 Wall. 330 ; *Thomas v. City of Richmond,* 12 Wall. 553 ; 1 Dillon Mun. Corp. [3 Ed.] sec. 91. The legislature has authorized the city to require a license on ice wagons, because ice wagons are specifically mentioned in the charter. " These provisions, contained in the same section, abundantly show that the mind of the lawgiver was directed to the subject, and that the power to tax was given where it was intended to be exercised, and that it was withheld where it was not so expressed." *City of St. Louis v. Ins. Trust Co.,* 47 Mo. 154 ; *St. Joseph v. Porter,* 29 Mo. App. 611 ; *State v. Anderson,* 84 Mo. 527 ; Potter's Dwarris, pp. 128 and 130. (6) But we contend that the evidence is wholly insufficient to support the judgment. Appellant was not shown to be a dealer in ice, in the usual and ordinary meaning of that term. He cuts his ice upon the Kansas river, hauls it to his houses in Lawrence, where he stores and packs it ; in other words, he takes it in its natural state, and, by his skill and industry, makes it valuable and ready for the market. He does not buy and sell ice as a merchant buys and sells his groceries, boots, shoes, etc. He does not buy and sell ice, nor does he buy and sell anything. He is not a dealer in ice. Hence the case at bar is much stronger than those in North Carolina. *State v. Chadborn,* 80 N. C. 480 ; *State v. Yearby,* 82 N. C. 761. "Deal" and "trade" mean buying and selling. *Fleckner v. Bank,* 8 Wheaton, 351 ; *State v. Chadborn, supra ; State v. Yearby, supra ; Blunt v. Walker,* 11 Wis. 345–8 ; *Carter v. State,* 44 Ala. 31 ; *Eastman v. Chicago,* 79 Ill. 179.

*R. W. Quarles* and *W. A. Alderson,* for respondent.

Cited the following authorities : Municipal Ords., H. & B., sec. 18 ; *St. Louis v. Herthel,* 88 Mo. 128, 130 ; s. c., 14 Mo. App. 467 ; *St. Louis v.*

*Woodruff*, 71 Mo. 92; 1 Dill. Mun. Cor. 316; *Clark v. South Bend*, 85 Ind. 276; *City of Kansas v. Flanders*, 71 Mo. 281; *State v. DeBar*, 58 Mo. 395; *Quinette v. St. Louis*, 76 Mo. 402; *Ewing v. Hoblitzelle*, 85 Mo. 64; *Metropolitan Board v. Barrie*, 34 N. Y. 657; *Fell v. State*, 42 Md. 71; *St. Louis v. Foster*, 52 Mo. 513; Dill. Mun. Cor., sec. 420.

ELLISON, J.—The defendant was convicted before the recorder of the City of Kansas for engaging in the business of an "ice dealer" without a city license, as provided by ordinance. He appealed to the criminal court where he was again convicted and he has brought the case here for review.

The case challenges the power of the city under its charter to enact an ordinance requiring an "ice dealer" to take out a license. The provision of the charter, upon which the ordinance is based, is as follows:

The common council shall have power by ordinance "To license, tax and regulate auctioneers, grocers, commission merchants, retailers, merchants, hotels and innkeepers, boarding houses, public buildings, public halls, public grounds, concerts, photographists, artists, agents, porters, runners, drummers, public lecturers, public meetings and shows, real-estate agents and brokers, horse and cattle dealers, beer houses, patent-right dealers, inspectors, gaugers, stock-yard and wagon-yard proprietors, mercantile agents, insurance companies, insurance agents, banking and other corporations or institutions, street railroad cars, hackney carriages, omnibuses, carts, drays, job wagons, ice wagons, and all other vehicles, and all other business trades, avocations, or professions, whatever, * * *"

The usual rule in cases of this nature is invoked by defendant as shielding him from the terms of this charter, viz.: That whenever general words follow particular words of description, the general words do

not enlarge the prior particular words, but are restricted in their application to classes similar to those specifically designated.

While we will not intimate that the term "ice dealer" is not *ejusdem generis* with some of the particular words and phrases enumerated, yet we feel that it is not necessary in this case to consider the rule further than to remark, since it has been earnestly pressed by counsel, that it is a rule of construction to ascertain the real intention of the law-maker, and not a rule of abrogation. *State v. Williams*, 35 Mo. App. 541; *City of St. Louis v. Herthel*, 88 Mo. 128.

It will be noticed that the charter specially enumerates merchants, among the persons and occupations which may be licensed by the city, and in my opinion an ice dealer, such as defendant was shown to be, will fall within that term. A merchant is said to be "one who traffics or carries on trade." He is a trafficker as well as a trader. To traffic is "to pass goods and commodities from one person to another for an equivalent in goods or money." Webster. If the municipal legislature had used the term, "ice merchant," instead of "ice dealer," it is doubtful if any question of power to pass the ordinance would ever have been raised. Considering the evident object of the ordinance, I can see no difference in the meaning of the two terms or phrases.

It is contended that as the charter mentions, by name, ice wagons, it thereby meant to exclude the dealer or the business, except as he or it might be affected by the license of the wagon. There is no force in this contention, from the fact that there may be ice dealers who have no ice wagons, and the result would be, if this contention were allowed to be well taken, that only such ice dealers, as delivered ice to their customers by hauling it to them in wagons, would be taxed. If such construction was placed upon the charter, it would permit the escape of all those branches

of business that use, in connection therewith, any of the vehicles mentioned or included in the charter.

II. It is next contended that the defendant gathered and stored his ice in the state of Kansas, and that it was delivered to customers in the City of Kansas, Missouri, upon orders previously taken.

The testimony discloses that defendant did gather and store his ice in the state of Kansas ; that he shipped it in cars into the City of Kansas, from whence he would unload into wagons for sale and delivery over the city, but that the sales were made here and there, where a customer could be had, by defendant or by the drivers. I have no doubt that this brought defendant within the meaning of the ordinance.

With the concurrence of the other judges, the judgment will be affirmed.