KANSAS CITY, Appellant, v. HENRY LORBER, Respondent.

Kansas City Court of Appeals, January 20, 1896.

1. **Kansas City Charter:** MERCHANT: DEFINITION. The charter of Kansas City authorizes the common council to license, etc., merchants, etc. *Held*, the term merchants meant dealers of every kind in commercial commodities including produce dealers.

2. ———: STATUTE. Section 1900, Revised Statutes, 1889, applies still to the charter as framed by the freeholders or granted by general or special statute.

3. **Municipal Corporations**: CONSTRUCTION OF CHARTER. A municipality can not extend its powers by unauthorized definition of words in its charter; and any reasonable doubt concerning the existence of a power must be resolved against its existence, but an interpretation that defeats the repealing statute will not be adopted, if another is admissible.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*C. E. Burnham* for appellant.

(1) Plaintiff's contention is that under the term "merchant," used in its charter, it is authorized to tax various kinds and classes of merchants. This must be true, else the term "merchants," "retailers," "agents," "porters," "runners," "drummers," etc., used in the charter are meaningless, because there are just as many kinds of "agents, retailers, porters, and drummers," as there are kinds and classes of merchants. So, unless the term "merchant" would be held to mean produce merchant, dry goods merchants, etc., the word is without meaning and effect, for there is no class or business to which the term exclusively applies. In construing statutes, an interpretation must never be adopted that will defeat its own purpose, if it will admit of any other reasonable construction. *City of St. Joe v. Elliott*, 47 Mo. App. 421. The object is to help carry out the legislative intent, not to thwart it. *Ibid.* "Produce dealer" and "produce merchant" are synonymous. *Kansas City v. Vindquest*, 36 Mo. App. 588. (2) As a second proposition appellant contends that section 1900, Revised Statutes, 1889, does not

apply to Kansas City. The enabling act of 1887 (Session Acts; 1887, page 43, section 2) provides that the charter shall constitute the entire organic law of the city; and is a complete system of local municipal government. So held in *State ex rel. v. Field*, 90 Mo. 552; *Kansas City v. Scarritt*, 29 S. W. Rep. 848; *Kansas City v. Field*, 99 Mo. 352.

*Powell & Powell* for respondent.

(1) Defendant was charged in the complaint with being engaged in the "business of a produce dealer," not with being engaged in the business of "commission merchant and produce dealer," as provided by the ordinance. There is no ordinance requiring one engaged in the business of a "produce dealer" to obtain license therefor. The ordinary meaning of words should be given them, and the word "and" will not be construed to mean "or" unless it be necessary under the circumstances to effect the intent apparent on the face or from surrounding circumstances. *Ely v. Ely's Executors*, 20 N. J. Equity, 48; *Commonwealth v. Hadcraft*, 6 Bush. 91. The word "and" in penal statute can not be construed "or." *United States v. Ten Cases of Shawls*, 2 Paine, 162–166. The information must charge an offense in the language of the statute. *State v. Gallego*, 57 Mo. App. 515. The charge in the information does not constitute the offense defined by the statute. *Commonwealth v. Hadcraft*, 6 Bush. 91. (2) The city can not pass an ordinance to require "produce dealers" to obtain a special license, because no power to license "produce dealers" is granted by the charter. Charter of 1889, article 3, section 10, page 15.

SMITH, P. J.—The defendant was tried and acquitted in the criminal court for the breach of an ordinance

of Kansas City, entitled: "An ordinance regulating and defining the amount of license to be paid by artists, agents, hotels, and others." Section 502 of this ordinance provides that "no person or corporation shall carry on or engage in the following occupations, trades, or business in the City of Kansas without a license therefor from said city and the charge for such license shall be as follows: Commission merchants and produce dealers, $50." There are other provisions of said ordinance, declaring it to be a misdemeanor to carry on or engage in any trade, business, etc., therein mentioned, without first procuring a license therefor.

The record informs us that the defendant was acquitted on the ground that the charter of said city does not specially confer upon the government thereof the power to tax "produce dealers" and, therefore, the said ordinance passed by it was inoperative. Subdivision 10, section 1, article 3, of the charter of the city provides that the mayor and common council shall have power by ordinance to license, tax, and regulate undertakers, auctioneers, grocers, *merchants*, and a great number of other occupations, trades, and professions therein specified. The term "produce dealer" is not found in the said charter provision.

The statute expressly denies to any municipal corporation of this state the power to impose a license tax upon any business, avocation, pursuit, or calling, unless the same be specially named as taxable in the charter of such municipal corporation. R. S. 1900. It is needless to say that the statutory inhibition applies alike whether the charter is framed by a city for its own government, as provided in section 16, article 9, of the state constitution; or exists in the form of a legislative grant, by a general or special statute. The former stands on no higher legal plane than the latter.

If the term "merchant," in the sense in which it is used in said charter, is sufficiently generic to embrace in its signification and meaning, a "produce dealer," then the passage of the ordinance in question was an authorized exercise by the city of a power conferred by its charter. A municipal corporation is powerless to extend or widen the scope of its powers, by the arbitrary and unauthorized definition of words or terms so as to include more than was intended by the legislature, or, which is the same thing in the present case, the freeholders. *Trenton v. Clayton*, 50 Mo. App. 535. And any fairly reasonable doubt concerning the existence of a power must be resolved against its existence. 1 Dill. Mun. Corp., sec. 89. But in the construction of a penal statute, an interpretation must never be adopted that will defeat its purposes, if it will admit of any other reasonable construction. *St. Joseph v. Elliott*, 47 Mo. App. 418.

The term "merchant" has been defined to be strictly a buyer, but by extension, one who buys to sell, or buys and sells; *one who deals* in the purchase of goods; a dealer in merchandise; a trader. Kinney's Law Dict. & Glos. 459. One who buys to sell again and who does both, not occasionally, but habitually, as a business; one who buys and sells an article. Anderson's Law. Dict. 671. One who is engaged in the business of buying commercial commodities and selling them again for the sake of profit. Century Dict. 3713.

In *The City of Kansas v. Vindquest*, 36 Mo. App. 584, it was, *inter alia*, said by Judge ELLISON, who delivered the opinion: "It will be noticed that the charter specially enumerates merchants among the persons and occupations which may be licensed by the city, and, in my opinion, an *ice* dealer, such as defendant was shown to be, will fall within that term."

It appears that defendant was engaged in the pro-

duce business, viz.: The business of buying and selling fruit, butter, eggs, poultry, and produce, and that he sold from the cars and the railway depot and from his store. An ordinance was introduced in evidence that provided that no person should sell or offer for sale or exchange any car load lot, or any less quantity of fruit, vegetables, farm produce, butter, cheese, eggs, game, or poultry, contained in any railway car, freight depot, or warehouse within the city, without first having obtained an annual license to engage in such business, under a penalty, etc. It therefore seems clear to us that a produce dealer is as much a merchant as an ice dealer. The word merchant, in the sense in which it is used in the charter, we think comprehends the various kinds of merchants. If one is a dealer in any article or commodity, that is to say, is engaged in buying and selling the same, for profit, he is a merchant.

We think it is too plain for argument, that when the charter authorized the municipal government to license and tax merchants, it meant thereby dealers in every kind and description of commercial commodities, including produce dealers; and that, therefore, the passage of the said ordinance requiring produce dealers to pay the license tax therein provided, before engaging in that business, was within the scope of the grant of power conferred by the charter.

It follows that the criminal court erred in holding the said ordinance void and giving judgment for defendant.

The judgment of the criminal court will be reversed and cause remanded. All concur.