CITY OF ST. JOSEPH, Appellant, v. D. N. DYE,
Respondent.

Kansas City Court of Appeals, November 22, 1897.

**Municipal Corporations**: WHOLESALE MEAT MERCHANT: LICENSE: INFORMATION. An information of a police court of the city of St. Joseph, charging the defendant with violating section 72, ordinance 136, of said city by then and there, etc., engaging in the business of selling fresh meats at wholesale from cars on track without first having obtained a license from said city as a wholesale meat dealer, sufficiently charges the offense under said ordinance and the charter of said city.

*Appeal from the Buchanan Criminal Court.*—HON.
SILAS WOODSON, Judge.

REVERSED AND REMANDED.

*W. R. Hoffman* and *Huston & Parrish* for appellant.

The lower court erred in sustaining the motion to quash. R. S. 1889, subdiv. 17, sec. 1255, p. 365; *St. Louis v. Frievogel*, 95 Mo. 533; *St. Louis v. Bowler*, 94 Mo. 630; *St. Joseph v. Ernst*, 95 Mo. 365; *Kansas City v. Vindquest*, 36 Mo. App. 584; *Kansas City v. Sutton*, 52 Mo. App. 398. A meat dealer is a mere meat merchant.

*T. F. Ryan* for respondent.

(1) Under the power conferred upon it as a city of the second class, the appellant did not have power to license, tax and regulate the occupation of a wholesale dealer in meats within her limits. Thus it clearly appears from said sections that the mind of the lawgiver was directed to the subject, and that the power

to tax was given where it was intended to be exercised, and it was withheld where it was not so expressed. *St. Louis v. Ins. and Trust Co.*, 47 Mo. 150; *St. Joseph v. Porter*, 29 Mo. App. 605; *Knox City v. Thompson*, 19 Mo. App. 523; *St. Paul v. Traeger*, 33 Am. Rep. 465. (2) The power to license does not include the power to tax. Dillon on Mun. Corp. [4 Ed.], secs. 358, 361, 388, 389; Cooley on Const. Lim., sec. 201; *St. Louis v. Ins. and Trust Co., supra; Kansas City v. Corrigan*, 18 Mo. App. 206.

SMITH, P. J.—This is a civil action commenced by the plaintiff, the city of St. Joseph, against the defendant for a violation of an ordinance of said city. The complaint filed before the police judge of said city is as follows:

"City of St. Joseph, Plaintiff, ⎫
        "v.                       ⎬
"D. N. Dye, Defendant.           ⎭

" Before Judge A. Dolman, Police Judge of the City of St. Joseph, Missouri. W. R. Hoffman, City Attorney for the city of St. Joseph aforesaid, informs said court that the said city of St. Joseph is a municipal corporation and city of the second class, and that one D. N. Dye did, on the 20th day of February, 1893, violate an ordinance of said city, to wit: Section 72, general ordinance number 361 of the general ordinances of said city, by then and there, in said city of St. Joseph, Missouri, engaging in the business of selling fresh meats at wholesale from cars on track without first having obtained a license from said city as a wholesale meat dealer, to its damage in the sum of $100.

"W. R. HOFFMAN, City Attorney."

When the cause reached the criminal court on appeal the defendant moved to quash the said complaint on the grounds: *First*, that no cause of action is therein

stated, and *second*, that it fails to state any offense against the laws of the city of Joseph, or of the state of Missouri.

This motion was by the court sustained and the defendant ordered to go hence without day. The plaintiff appealed.

The complaint was bottomed on section 72 of general ordinance of said city numbered 361, which is as follows:

"Sec. 72. No person shall engage in business of selling or offering for sale fresh meats at wholesale in the city of St. Joseph either from a house, store, shed, car, wagon or other place, without first having a license from said city as a wholesale meat dealer. And the charge for such license shall be $100 per year."

It is thus seen that the complaint is quite sufficient under the section of the ordinance just quoted. And by reference to subdivision 17 of section 1255, Revised Statutes, it will be further seen that the authority of the city to pass the ordinance in question is within the scope of the grant of the powers therein conferred.

The term "merchant" in the sense in which it is used in the charter of said city is, as we think, sufficiently generic to comprehend within its signification, one who is "engaged in the business of selling fresh meats at wholesale from cars" standing on the track of a railway. And this accords with the ruling made by us in other cases where we had occasion to construe a like term in analogous charter provisions. *Kansas City v. Losber*, 64 Mo. App. 604; *City of Kansas v. Vindquest*, 36 Mo. App. 584. The motion to quash, which was no more than a demurrer, was improperly sustained.

It results that the judgment must be reversed and cause remanded. All concur.