Kansas City v. Grush.

---

KANSAS CITY v. GRUSH, Appellant.

Division Two, June 26, 1899.

1. **Ordinance:** LICENSE: COMMISSION MERCHANTS AND PRODUCE DEALERS. Under an ordinance of Kansas City, which imposes an occupation license of $50 on "commission merchants and produce dealers," that license can be exacted of either commission merchants or produce dealers, and a person engaging in either capacity can not escape the tax because he does not engage in both.

2. **Merchant:** PRODUCE DEALER. One engaged "in the business of buying and selling potatoes, apples, vegetables of all kinds, a dealer in general produce and has a store and fixed place of business," is a merchant.

3. ———: ———: CITY'S POWER TO TAX. A city can not impose a license tax on any business, avocation or calling unless the same be especially named as taxable in its charter.

4. ———: ———: POWER TO TAX PRODUCE DEALERS. Where a produce dealer is clearly a merchant, although no specific authority is conferred upon the city by its charter to tax produce dealers by that name, it has power to tax him under that part of its charter which authorizes it "to license, tax or regulate merchants."

Kansas City v. Grush.

5. ———: ———: WHEN A LICENSE FEE IS A TAX. When the purpose of an ordinance is to raise revenue by the assessment of "an annual license to engage in business," the license fee is a tax, and the tax must conform to the constitutional requirement that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

6. ———: ———: UNIFORM TAXATION. An ordinance which assesses an occupation tax against a produce dealer who is clearly a merchant, and does not tax a dry goods merchant, is unconstitutional. A city can not tax some merchants and exempt others.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED.

HAMNER, HARDIN & HAMNER for appellant.

The city charter does not authorize the city to single out a merchant dealer in produce and tax him $50 and a merchant's license, when a grocery merchant deals in all things a produce dealer handles, and only pays a merchant's license. R. S. 1889, sec. 1900; Constitution, art. X, sec. 1; St. Louis v. Spriegel, 75 Mo. 145. (2) If this ordinance does not mean that a man must be both commission merchant and produce ·dealer, to pay a $50 license, then the court could not properly convict defendant, because he was only a produce dealer and not both.

CHAS. E. BURNHAM and DARIUS A. BROWN for respondent.

(1) The charter of Kansas City authorized the common council "to license merchants," and the term merchants meant dealers of every kind in commercial commodities, including "produce dealers." Kansas City v. Lorber, 64 Mo. App. 604. (2) In the construction of a penal statute, an interpretation must never be adopted which will defeat its purposes, if it will

VOL. 151 mo—9

admit of any other reasonable construction. St. Joseph v. Elliott, 47 Mo. App. 418; Kansas City v. Lorber, 64 Mo. App. 604. (3) Every statute will be presumed to be constitutional till the contrary plainly appears; and it is only when it manifestly infringes some provision of the Constitution that it can be declared void. Dill v. Mississippi, 107 Mo. 464; State ex rel. v. Laughlin, 75 Mo. 148; State v. Able, 65 Mo. 357; Phillips v. Railroad, 86 Mo. 540; State v. Hope, 100 Mo. 347. (4) The ordinance does not attempt to discriminate between members of "the same class of subjects," and therefore does not violate section 3 of art. X of the Constitution. St. Louis v. Green, 7 Mo. App. 468; Glasgow v. Rowse, 43 Mo. 489; St. Louis v. Bowler, 94 Mo. 634; Kansas City v. Lorber, 64 Mo. App. 604. (5) It is entirely competent for the State to collect an *ad valorem* tax upon property used in a calling and at the same time impose a license tax on the pursuit, as a condition to the right to carry on the pursuit, and this power may be delegated to municipal corporations. St. Louis v. Green, 7 Mo. App. 468; Cooley on Taxation, 578; Glasgow v. Rowse, 43 Mo. 479; St. Joseph v. Ernst, 95 Mo. 367; St. Louis v. Bowler, 94 Mo. 630; St. Louis v. Weitzel, 130 Mo. 600; State v. Holmes, 28 La. Ann. 765. (6) Under its charter the city may levy a tax on property; a vehicle tax for use of streets; and a tax on the business or occupation. St. Louis v. Weitzel, 130 Mo. 619; St. Louis v. Green, 7 Mo. App. 470; St. Louis v. Sternberg, 69 Mo. 302.

GANTT, P. J.—Defendant was prosecuted and convicted in the criminal court of Jackson county, for the breach of an ordinance of said city entitled, "An ordinance regulating and defining the amount of license to be paid by artists, agents, hotels and others."

Section 502 of said ordinance provides that "no person or corporation shall carry on or engage in the following occupations, trades, or business in the City of Kansas without a license therefor from said city and the charge for such license

shall be as follows: ....... Commission merchants and produce dealers.    $50."

By section 536 it is made a misdemeanor to violate said ordinance and a fine not less than ten dollars and not more than five hundred dollars is imposed.

The cause was tried upon an agreed statement of facts. The defendant is and was at the date of filing the information a dealer in produce in Kansas City; and was a produce dealer engaged in the business of buying and selling potatoes, apples, vegetables of all kinds, a dealer in general produce and had and has a store and fixed place of business.    It was further admitted that the city charges and collects no license from grocers other than a merchant's license, and that the defendant had paid his merchant's license.    No license tax is levied and collected on merchants generally, other than required by article 3, sections 550 and 551, of the Revised Ordinances of said city, which the defendant has paid.

An ordinance of said city, No. 5299, was also read in evidence.    It provided (section 1), that: "No person shall sell or offer for sale, barter or exchange any carload lots, or any less quantity of fruit, vegetables or farm produce, butter, cheese, eggs, game or poultry contained in any railroad car or in any railroad freight depot or warehouse within Kansas City, Missouri, without first obtaining an annual license to engage in such business, under a penalty of not less than $25 nor more than $100 for each offense, provided, this section shall not apply to any farmer, gardner, fruit or vine grower, orchard or vineyard, nor to any commission merchant having a store or established place of business in this city."    By section 2 of said ordinance it was provided that every person before engaging in the business or occupation mentioned in the preceding section shall pay an annual license fee of fifty dollars in the manner provided by the ordinance of said city concerning licenses.

The defendant, among other instructions, requested the court to declare the law to be that under section 502 of article 1 of the ordinance, a license was not required of one who is a simple produce dealer, and that from the whole of said section the words "commission merchant and produce dealers" are to be construed as meaning those who are both commission merchants and produce dealers, and not as meaning those who are either produce dealers or commission merchants. The court refused to so declare the law, but held that it meant commission merchants or produce dealers.

The defendant then prayed the court to declare the law to be that construing the words "commission merchants and produce dealers" in section 502 of article 1 of the ordinance, to mean either commission merchants or produce dealers, the portion of said ordinance requiring a produce dealer to pay a license of $50 is unconstitutional and void, as not being a uniform tax upon the same taxable class of taxable subjects within the territorial limits of the authority levying the tax. This declaration of law the court also refused to give.

This last ruling unquestionably involved the construction of section 3, article X of the Constitution of this State, and hence this court has jurisdiction to determine the appeal in this case.

Proceeding in the order of the declarations of law asked and refused, can the contention of defendant be sustained that, conceding the constitutionality of the ordinance, a produce dealer who was not also a commission merchant, was not required to take a license?

The rule *"noscitur a sociis"* is invoked; and a most plausible argument is based upon the proposition that as almost all the other vocations are connected by the disjunctive or, and as a rule in this ordinance only one business is named in each clause, and where different vocations that are not carried on together are put in the same clause they are connected by the disjunctive and when vocations that are usually carried on

together by the same party are named they are put in the same clause and are connected by the conjunctive and.

"Intelligence office and employment bureau, $100 per year.

"Commission merchants and produce dealers, $50 per year.

"Photographer's or artists' agents, $50 per year.

"Storage or transfer houses, $50 per year.

"Wagon yard and wood dealers, $50 per year."

In Kansas City v. Lorber, 64 Mo. App. 604, this identical point was raised on this same ordinance, but the Kansas City Court of Appeals without special discussion evidently ruled adversely.

After weighing the whole ordinance together we are of opinion that the criminal court properly construed that the license, if constitutional, could be exacted of either commission merchants or produce dealers, and a person, firm or corporation following either vocation or occupation could not escape the tax because he or they did not engage in both. This we think is the ordinary meaning of the words in the connection in which they are found. There is no such general and prevailing custom of uniting produce dealers and commission merchants in one person, firm, or corporation as to lead us to the conclusion sought by defendant.

The ordinance simply grouped the various persons who should pay the $50 license.

II. Giving the ordinance then the same construction given by the criminal court and the Kansas City Court of Appeals to the extent of holding that the license may be required of produce dealers engaged in that business alone, still its validity as a constitutional exaction is presented.

We think no doubt whatever can exist that under the agreed statement defendant was a merchant. [State v. Whittaker, 33 Mo. 457; Anderson's Law Dict., 671; Webster's

International Dict., the word "Merchant;" Century Dict. 3713; Kansas City v. Lorber, 64 Mo. App. 604.]

There is no specific authority conferred upon Kansas City to tax produce dealers *eo nomine,* but its power to do so is referable to subdivision 10, section 1, article 3 of the charter, which authorizes said city to license, tax and regulate "merchants," and the general laws of the State forbid any municipality to impose a license tax on any business, avocation, or calling unless the same be specially named as taxable in its charter. [Section 1900, R. S. 1889.] That the license fee which the city seeks to compel defendant to pay is a tax does not admit of doubt. On its face it is perfectly apparent that the purpose of the ordinance is to raise revenue and when this is the case it is a tax and must conform to the requirement of section 3, article X of our Constitution, which provides that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." [St. Louis v. Spiegel, 75 Mo. 145; St. Louis v. Spiegel, 90 Mo. 587.] In these two cases it was held that section 3 of article X of the Constitution prevents discrimination between objects belonging to the same class of subjects within the territorial limits of the authority levying the tax, and accordingly an ordinance which required a license tax of $100 on meat shops in one part of the city and $25 in the rest of the city was void—likewise an ordinance requiring a license tax of all meat shops but providing that owners of shops in one portion of the city could sell both at their shops and on their wagons, while those in the old city limits could only sell at their shops, was held to be unconstitutional. Keeping in view then that the city has no power to impose a license tax on any business not specifically named and that the right to tax defendant's business is solely because he is a merchant it follows that the people in the freeholders' charter have placed all merchants in one class for the purpose of an occupation tax, and it is essential that it be uniform and equal, but the common council, in this ordinance

has clearly discriminated by taxing this merchant who deals in produce and exempting those who deal in dry goods or groceries alone.

The inequality of the exaction arises as readily in this case by arbitrary classification as it did in the Spiegel case by levying different amounts on the same class.

No power was conferred upon the city to re-classify merchants and tax one sub-class and exempt another.

Nor is there any reason why a merchant who deals altogether in produce should be required to pay $50 for the privilege of carrying on his business in addition to his *ad valorem* tax, while his neighbor who deals in groceries, hardware or dry goods is wholly exempt from a license tax. Both are merchants, and neither is subject to more burdens than the other. No doubt exists as to the power of the legislature or of a special charter to divide the various occupations into different classes, and that a tax upon all persons belonging to one class would not be obnoxious to the Constitution merely because another class was not taxed, but when as in this case the ordinance singles out a part of a legal class, to wit, merchants, and imposes a burden upon it, and exempts all others of the same class, then those against whom this unjust discrimination is directed may justly complain of the violation of the constitutional guaranty of equality of taxation, and equal protection of the laws.

Our conclusion is the criminal court erred in refusing the second declaration of law requested by defendant; that by reason of the unequal burden imposed upon defendant by the arbitrary and artificial classification of defendants' business, and exempting all other merchants, by which designation alone the city was authorized to require a license tax, his constitutional right was violated, and so much of said ordinance was and is void.

The judgment is reversed. SHERWOOD and BURGESS, JJ., concur.