A. R. RIDEN, d/b/a Sanitary Barber Shop, et al., Plaintiffs-Appellants,

v.

CITY OF ROLLA et al., Defendants-Respondents.

No. 48541.

Supreme Court of Missouri,

Division No. 1.

Sept. 11, 1961.

Llyn Bradford, Rolla, Zane White, White & White, Rolla, for appellants.

Ronald J. Fuller, City Atty., Rolla, Thomas F. Eagleton, Atty. Gen., Ben Ely, Jr.; Asst. Atty. Gen., for respondents.

HOLMAN, Commissioner.

In this declaratory judgment action plaintiffs sought a judgment declaring Ordinance No. 1061 of the City of Rolla, Missouri, to be unconstitutional and void. Plaintiffs are a number of persons operating barber and beauty shops in the City of Rolla. Under the provisions of the ordinance in question plaintiffs were required to pay a license tax of $25 per year. The trial court found that the ordinance was not "unreasonable, arbitrary, discriminatory or oppressive" and entered a judgment to the effect that said ordinance was valid and in full force and effect. Plaintiffs have duly appealed.

The facts were agreed to in the trial court. Rolla is a city of the third class. On April 30, 1959, its board of aldermen duly passed Ordinance No. 1061 and it was approved by the mayor on that date. Section 17 thereof provided, in part, as follows:

"Licenses in General—No person shall pursue, conduct, carry on, operate, engage in, or deal in within the City of Rolla, Missouri, any of the following trades, callings, professions, occupations, privileges, vocations, things, objects, subjects, businesses or places of business mentioned in this section 17 without first paying the license tax therefor according to the following schedule and obtaining the license therefor by this ordinance required and prescribed, to wit:

"(1) Merchant—Term Defined. (a) Any person who shall pursue, conduct, carry on, operate, engage in, or deal in within the City of Rolla, Missouri, any of the trades, callings, professions, occupations, privileges, vocations, things, objects, subjects, businesses or places of business as following, are hereby declared to be merchants, except as is or may be otherwise provided by this ordinance: [167 specific trades and businesses are herein listed, including "barbershops" and "beauty parlors"].

"(b) License Required—Fee. Every person defined to be a merchant shall, before doing or offering to do business as such, procure from the city clerk a license therefor, and there shall be levied and collected from every such person an annual fee for license of $25.00."

The ordinance also provides for licenses in different amounts for certain other businesses and privileges including pool halls, dance halls, itinerant merchants, motion picture theaters, and coin-operated amusement devices. It also has a provision for the revocation of licenses for cause and a section providing that any violation of the ordinance shall be a misdemeanor punishable in the manner therein provided.

A municipal corporation has no power to impose a license tax upon any business or pursuit unless such power is conferred by its charter or by statute. Section 71.610 (unless otherwise indicated, all statutory references are to RSMo 1959 and V.A. M.S.). The City of Rolla has no charter and its power to impose license taxes is conferred by Section 94.110. That section lists many businesses, vocations, and other pursuits, including barbershops, beauty parlors, and "merchants of all kinds."

■ Plaintiffs contend that the ordinance is arbitrary, discriminatory, oppressive, unreasonable and contrary to Sections 2 and 10 of Article 1 of the Constitution of Missouri, V.A.M.S., and contrary to Section 1 (providing for due process and equal protection of the laws) of the Fourteenth Amendment to the Constitution of the United States. Section 2 of Article 1, supra, provides that all persons shall enjoy the gains of their own industry and are entitled to equal rights under the law. Section 10 of that article provides that "no person shall be deprived of life, liberty or property without due process of law." In considering the specific reasons advanced in support of these contentions we should bear in mind the well-established general rule that "a license or occupation tax is valid, under the constitutional provisions herein considered, if it applies equally and without discrimination to all persons engaged in the same particular business or avocation, or exercising the same privileges, or if the occupations or privileges and the persons engaged therein are classified for taxation according to reasonable and well recognized lines of distinction, and it does not matter how few the persons are who may be included in a class as long as all who are or may come into the like situation or circumstances are embraced in the class." 16A C.J.S.Constitutional Law § 529, pp. 425, 426.

■ Plaintiffs complain that the ordinance is invalid because it defines "merchant" as any person who shall carry on any of the 167 trades or businesses listed therein, many of which, like that of plaintiffs, involve the rendering of personal services. It is said that this definition is contrary to the definition contained in Section 150.010. We agree that the meaning usual-

ly attributed to the word "merchant" is one who engages in the purchase and sale of goods. The definition in Section 150.010 substantially limits the meaning of the word to those persons selling goods but that statutory definition is not controlling here because it was a definition enacted for ad valorem tax purposes.

The definition given to the word "merchant" would become very important if it had been inserted in the ordinance in order to impose a license tax on occupations not specifically named in Section 94.110 but sought to be licensed under the category listed therein as "merchants of all kinds." However, in the ordinance before us there appears to have been no reason for adopting such a liberal definition of "merchant" or, in fact, any definition of that word. It is stated in the briefs that each of the vocations listed in the ordinance is specifically named in Section 94.110. It therefore appears that the definition complained of was not inserted in the ordinance in order to enlarge the taxing power of the city. In that situation, even if we assume that the definition is erroneous, it would not invalidate the ordinance. Certainly, since plaintiffs are specifically named in Section 94.110 they are in no way injured by the definition under consideration and cannot question the validity of the ordinance in that respect. 33 Am.Jur., Licenses, Section 85, p. 393.

■ The next point urged by plaintiffs is that the ordinance is invalid because it was passed by the board of aldermen "without notice of hearing or service of process on the plaintiffs." The authorities cited do not in any manner support the contention. We know of no provision in the law (and none is suggested) which requires that a city serve notice of hearing or some type of process upon persons to be affected by a licensing ordinance before such may be enacted. The point is without merit and is disallowed.

■ There can be no question but that the instant ordinance applies equally and without discrimination to all persons engaged in operating barbershops or beauty parlors. Plaintiffs do not contend to the contrary. Their contention is not that the ordinance provides for unreasonable classifications in the usual sense but rather that there was a failure to classify. It is said in their brief that "the class seems to have been created by an unceremonious lumping together resulting in an arbitrary, unreasonable and unequal classification. Barber and beauty parlors are classed with banks, lumber dealers, loan companies, automobile dealers, and manufacturers on one hand, and with peanut and popcorn stands and bill posters on the other hand." Of course, the board of aldermen, in its discretion, could properly have placed the vocations and businesses listed in the ordinance into a number of different classifications and provided for license taxes in varying amounts for the different classifications. However, by Ordinance No. 1061 it saw fit to provide the same license tax for perhaps 90% of all business enterprises in the city. We can see no constitutional objection to that procedure provided the amount of the tax is not fixed so high that it would be virtually confiscatory or prohibitive as to some of the vocations or businesses listed therein. For a discussion of the cases involving prohibitive license taxes see City of Washington v. Reed, 229 Mo.App. 1195, 70 S.W.2d 121.

The license tax of $25 per year would not appear to be prohibitive or confiscatory as to any of the businesses or pursuits listed in the ordinance. Plaintiffs do not contend that it is. It seems to be their position that the ordinance is arbitrary and unreasonable because it does not provide for a higher license tax for some of the larger and usually more profitable concerns. If the amount of the tax is reasonable for the smaller or less profitable businesses listed we do not believe the ordinance is unconstitutional because it does not provide a higher tax for the more profitable ones. Under those circumstances, fixing the amount of the license tax is a matter properly left to the discretion of the board of aldermen.

In support of the contention heretofore discussed plaintiffs have cited the case of Williams v. City of Richmond, 177 Va. 477, 14 S.E.2d 287, 134 A.L.R. 833. In that case the ordinance provided for a license tax upon many specific businesses and then concluded with a so-called "dragnet" section which provided that "any person, firm, association, partnership or corporation engaged in any business, occupation or profession in the city of Richmond for which no specific license tax is levied in this chapter shall pay a license tax of $50.00 per annum." 14 S.E.2d loc. cit. 289. That section was declared to be unconstitutional and invalid for a number of reasons. One of those reasons was that "the newspaper delivery boy, the street bootblack, the domestic servant, the salesgirl, the insurance and railroad executives, the minister, the teacher, the music teacher, the movie actress, and the owner of a dental laboratory are all placed in one class and all may be required to obtain a license and pay the flat tax of $50. Such a tax might result in wrecking the business of the newsboy and the street bootblack, while the burden would be comparatively light on the insurance and railroad executives. * * * It is clear that strict enforcement of § 166 would be a death blow to certain modest callings. This we cannot allow. We hold that § 166 is inimical to the due process clause of the Fourteenth Amendment of the Federal Constitution and to Article 1, § 1, of the State Constitution." 14 S.E.2d loc. cit. 292. We think it is obvious that the ordinance in the Williams case is readily distinguishable from the one before us. Here we are not dealing with a "dragnet" clause and the amount of the tax is comparatively modest and not prohibitive as to any of the pursuits listed in the ordinance. The contention under consideration is ruled adversely to plaintiffs.

■ The next point briefed is that the ordinance is invalid because it "is in conflict with public policy and contravenes the common rights of barbers and beauticians in enjoying the fruits of their labor." No case or other authority is cited in support of that contention and we doubt that any could be found. The payment of a modest license tax by operators of barber and beauty shops would not preclude anyone employed in that work from enjoying the "fruits of their labor." We do not know of any public policy of this state which would prohibit the licensing of barber and beauty shops. The general assembly, by enacting Section 94.110 authorizing such licensing, would seem to have declared a public policy contrary to plaintiffs' contention. The point is without merit and is overruled.

■ Plaintiffs also contend that the ordinance in question is invalid because it is based upon the authority granted in Section 94.110 and that said section, as well as Section 71.620, is unconstitutional and void because they are arbitrary and discriminatory. This contention is based upon the fact that Section 94.110 authorizes a license tax on barbershops and beauty shops but not upon others rendering personal or professional services such as "doctors, lawyers, teachers and preachers." Section 71.620 is also attacked because it provides that "no person following for a livelihood the profession or calling of minister of the gospel, teacher, professor in a college, priest, lawyer or doctor of medicine in this state, shall be taxed or made liable to pay any municipal * * * tax or license fee of any description whatever for the privilege of following or carrying on such profession or calling * * *."

We do not think the exemptions specified in Section 71.620 would cause either that section or section 94.110 to violate any of the constitutional provisions heretofore mentioned. It has been said that "a particular class of persons, business, privilege, or occupation may be either wholly or partially exempted from license or occupation taxes by the state legislature, or by a municipal corporation under legislative authority, provided, of course, the exemption is a reasonable one and includes all persons who are similarly situated." 53 C.J.S. Li-

censes § 31(a), p. 601. This court stated long ago that "No doubt exists as to the power of the legislature or of a special charter to divide the various occupations into different classes, and that a tax upon all that class would not be obnoxious to the constitution merely because another class was not taxed." City of Kansas City v. Grush, 151 Mo. 128, 52 S.W. 286, 288. It appears clear that the professions specified in Section 71.620 include all persons similarly situated. We are of the opinion that there is a reasonable basis for classifying the professions therein named (for license tax purposes) in a different manner than persons operating barber or beauty shops. This contention is overruled.

Plaintiffs also contend that the statutes of this state unreasonably discriminate between certain citizens of the state in that Section 94.110, applying to third-class cities, authorizes a license tax on barbershops and beauty parlors, while Section 94.270, relating to fourth-class cities, does not authorize such a tax. It is true that Section 94.270 does not specifically list barber or beauty shops and, for the purposes of this opinion, we will assume that a license tax could not be imposed upon such shops under any of the general classifications therein. In support of the contention that Section 94.110 is unconstitutional because of the discrimination noted, plaintiffs have cited City of Kansas City v. Grush, supra, and City of Cape Girardeau v. Fred A. Groves Motor Co., 346 Mo. 762, 142 S.W.2d 1040. Both of those cases follow the well-established rule that a license tax must be uniform upon the same class of subjects, but we do not consider them in point upon the question here presented.

■ We have concluded that the contention stated in the preceding paragraph cannot be sustained. In that connection we have considered Section 15 of Article 6, Constitution of Missouri 1945, which reads, in part, as follows: "The general assembly shall provide by general laws for the organization and classification of cities and towns. The number of such classes shall not exceed four; and the powers of each class shall be defined by general laws so that all such municipal corporations of the same class shall possess the same powers and be subject to the same restrictions." It will be noted that it is only required that cities *of the same class* shall possess the same powers and be subject to the same restrictions. Moreover, in considering a somewhat similar problem we have heretofore stated that "legislation for cities according to class or population has long been recognized as reasonable classification." Randolph v. City of Springfield, 302 Mo. 33, 257 S.W. 449, 453, 31 A.L.R. 612. It should be apparent that if it were required that all cities be subject to the same laws there would appear to be little occasion for having different classes of cities. This point is ruled adversely to plaintiffs.

■ Finally, plaintiffs assert that the language in Section 94.110 is so broad, vague and uncertain in its terms "so as to result in the unceremonious lumping together of those who do not belong in the same class." It is difficult to understand this contention. Section 94.110 does not purport to classify. It merely authorizes cities of the third class "to levy and collect a license tax" upon more than 200 vocations and businesses therein specifically listed. We find nothing vague or uncertain in its provisions. We accordingly overrule this point.

The judgment of the trial court is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.