ERB INDUSTRIAL EQUIPMENT CO.,
INC., a Missouri Corporation,
Respondent/Cross–Appellant,

v.

CITY OF CAPE GIRARDEAU, Missouri,
a Municipal Corporation, Appel-
lant/Cross Respondent.

No. 74535.

Supreme Court of Missouri,
En Banc.

Jan. 26, 1993.

Warren Wells, Cape Girardeau, for appel-
lant/cross respondent.

Tom O'Loughlin, II, J. Patrick O'Lough-
lin, Cape Girardeau, for respondent/cross-
appellant.

PAUL M. SPINDEN, Special Judge.

Erb Industrial Equipment Company, Inc.,
challenges Cape Girardeau's assessment of
a gross sales merchants license tax against
it for the tax year ending July 31, 1986.[1]
Erb paid the tax for 1986 under protest. It
asserted that the city did not have authori-
ty under either the city's charter or state
statutes to impose the tax on its sales and
service of farm, construction and forestry
equipment. The trial court concluded that
the city lacked authority to levy the tax
because neither its charter nor any state
statute specially named Erb's business as
subject to tax. Cape Girardeau appeals the
trial court's conclusion.[2] We reverse.

A municipal corporation has no power to
tax beyond the power conferred upon it by
the state constitution or by the General
Assembly. The General Assembly has lim-
ited Cape Girardeau's and other cities' pow-
er to impose a license tax:

No municipal corporation in this state
shall have the power to impose a license
tax upon any business, avocation, pursuit
or calling, unless such business, avoca-
tion, pursuit or calling is specially named
as taxable in the charter of such munici-
pal corporation, or unless such power be
conferred by statute.

Section 71.610.[3] Cape Girardeau contends
that Erb is a retail merchant, as defined by
one of its tax ordinances and that § 94.110
grants it authority to tax merchants of all
kinds, including retail merchants.

1. The trial court denied Erb's motion at trial to
amend its pleadings to include tax years 1985
through 1991. Erb cross-appealed this ruling,
but it abandoned its appeal by failing to argue
it. *La Grange Reorganized School District No.
R–VI v. Smith,* 312 S.W.2d 135 (Mo.1958). We,
therefore, grant Cape Girardeau's motion to dis-
miss Erb's cross-appeal.

2. Cape Girardeau also charged the trial court
with error in construing provisions of Cape Gir-

ardeau's city charter and tax ordinances al-
though those documents had not been entered
into evidence. After oral argument, however,
the parties filed copies of the documents with
this Court, stipulated to their accuracy, and
waived any objection to the documents' not be-
ing admitted into evidence before the trial
court.

3. All statutory references are to RSMo 1986.

The trial court disagreed. It concluded from § 71.610 that a city could tax only businesses specially named in § 94.110, and construction, farm and forestry dealers were not listed in the statute. The court reasoned:

> Section 94.110 RSMo provides cities the authority to levy and collect license taxes on a wide variety of businesses, which are listed specifically.
>
> ... Sales, leases and repairs of heavy-duty construction, farm and forestry equipment do not fall under any category of business listed in ... Sec. 94.110 RSMo; those categories of business are not "specially named" as required by Sec. 71.610 RSMo. Therefore the ordinances do not apply to the business in which [Erb] engages.

The trial court erred in applying § 71.610's requirement that a business be "specially named" to § 94.110. Section 71.610 mandated that only a city charter, not state statutes, specifically name a business. Section 71.610 requires a city charter specially name a business "*unless* such power be conferred by statute." [4]

Cape Girardeau correctly contends that it was conferred power by statute. Its city charter provided at art. x, § 10.01:

> The council shall have power by ordinance to license, tax, and regulate all businesses, occupations, professions, vocations, activities, or things whatsoever set forth and enumerated by the statutes of this state now or hereafter applicable to constitutional charter cities, or cities of the third or fourth class, or of any population group, and which any such cities are now or may hereafter permitted by law to license, tax, and regulate.

Such incorporation by reference is lawful. *General Installation Co. v. University City*, 379 S.W.2d 601 (Mo. banc 1964). Because the General Assembly conferred upon third class cities, in § 94.110, the power to tax "merchants of all kinds," Cape Girardeau possessed sufficient power to tax retail merchants. The city acted upon this power by authorizing in its ordinances

a tax of retail merchants, which it defined as "any person who buys, sells or deals in any goods, wares or merchandise at any store, stand or place of business within [Cape Girardeau]."

Erb does not deny that it meets this definition of a retail merchant. Although it engaged in wholesale and retail transactions, only its retail transactions are at issue in this case. Erb argues, however, that § 94.110 contains a specific list which "does not contain even the remotest reference to sales, leases and repairs of heavy-duty construction, farm and forestry equipment."

Erb acknowledges that § 94.110 authorizes a tax of "merchants of any kind," but it counters that this "merely authorizes municipal corporations to name additional *specially named* categories in their ordinances and was not intended to remove the City's burden to 'specially name.'" [5] We disagree.

Section 71.610 prohibited Cape Girardeau from taxing a business not specially named in its charter unless it could find authority in a state statute. It found that authority in § 94.110's authorization to tax merchants of all kinds. Because of this grant of power, it could tax Erb as a retail merchant although it had not specially named Erb's business in its charter or ordinances. *See Nicolai v. City of St. Louis*, 762 S.W.2d 423 (Mo. banc 1988).

Erb argues that permitting Cape Girardeau to act only upon § 94.110's authorization to tax merchants of all kinds "would in effect ignore the numerous categories contained in [the statute], make them mere surplusage, ignore the numerous additions and deletions contained in the amendments to the statute[.]" We disagree. Erb's contention would be correct only if merchants of all kinds subsumed the other categories listed in § 94.110. It does not.

Erb's reliance on this Court's decision in *City of Cape Girardeau v. Harris Truck & Trailer Sales, Inc.*, 521 S.W.2d 425 (Mo. 1975), is misplaced. At issue there was a

---

**4.** We added the emphasis.

**5.** The emphasis was in the original.

city tax on a truck and trailer dealer that the city sought to tax under an ordinance authorizing a tax on automobile agents and dealers. This Court looked to § 94.110 and found no authority to tax truck and trailer dealers. Erb argues that this demonstrates that a business must be specially named in § 94.110. This is not necessarily true. We find nothing in that decision suggesting that the city had enacted at that time, as authorized by § 94.110, a tax on all retail merchants or—even if it had—whether the dealer in *Harris* met the ordinance's definition.

There is no question here that § 94.110 authorizes Cape Girardeau to tax retail merchants. It has acted upon that authority and has enacted a definition of "retail merchants" that includes Erb. We conclude that Erb is subject to the tax levied by the city. We, therefore, reverse the trial court's judgment.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN, BENTON, THOMAS and PRICE, JJ., concur.

LIMBAUGH, J., not sitting.